1   ROB BONTA
    Attorney General of California
2   ANNA FERRARI (SBN #261579)
    Supervising Deputy Attorney General
3   LIAM E. O'CONNOR (SBN #330050)
    Deputy Attorney General
4     455 Golden Gate Avenue, Suite 11000
      San Francisco, CA  94102-7004
5     Telephone:  (415) 510-3915
      Fax:  (415) 703-5480
6     E-mail:  Liam.OConnor@doj.ca.gov
    *Attorneys for Defendants Governor Gavin Newsom*
7   *and California Department of Industrial Relations,*
    *Division of Occupational Safety and Health*
8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| 13 **TONY ROMAN, et al.,** | 2:25-cv-08531-HDV-Ex |
| 14                       Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** |
| 15          **v.** | |
| 16 **GAVIN NEWSOM, in his official capacity as Governor of the State of** | Date:          January 22, 2026 Time:          10:00 a.m. |
| 17 **California, et al.,** | Courtroom:  5B Judge:         Honorable Hernán D. |
| 18                       Defendants. | Vera Action Filed: September 9, 2025 |
| 19 | |

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION AND MOTION**

**PLEASE TAKE NOTICE** that on January 22, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Hernán D. Vera in Courtroom 5B of the United States District Court for the Central District of California, located at 300 West 1st Street, Los Angeles, CA 90012-4565, Defendants Governor Gavin Newsom and the California Department of Industrial Relations, Division of Occupational Safety and Health (Cal/OSHA) will and do move to dismiss Plaintiffs' First Amended Complaint (FAC), Dkt. No. 13.

Defendants move to dismiss the FAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that all of Plaintiffs' claims are barred by Defendants' sovereign immunity under the Eleventh Amendment, and Plaintiffs' federal constitutional claims are barred by the governing statute of limitations. Defendants' Motion is based on this filing, the concurrently filed Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, the papers and pleadings on file in this action, and such matters as may be presented to the Court at the time of the hearing.

On October 30, counsel for Plaintiffs and counsel for Defendants participated in a video and telephone conference pursuant to Local Rule 7-3, but they were unable to resolve their differences. Plaintiffs indicated that they would oppose this Motion.

Dated: November 3, 2025

Respectfully submitted,

ROB BONTA
Attorney General of California
ANNA FERRARI
Supervising Deputy Attorney General

/s/ *Liam E. O'Connor*
LIAM E. O'CONNOR
Deputy Attorney General
*Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................. 1

BACKGROUND ............................................................................................... 2

    I.    Legal Background ........................................................................ 2

        A.    Cal/OSHA's Authority to Enforce Occupational Safety
and Health Standards ................................................... 2

        B.    The Standards Board Issues the COVID-19 Prevention
Emergency Temporary Standards ................................ 4

    II.    Factual Background ..................................................................... 5

        A.    Plaintiffs Openly Violate the State's COVID-19
Restrictions ................................................................. 5

        B.    Cal/OSHA Issues Citations and Penalties, Which
Plaintiffs Do Not Contest ........................................... 6

        C.    To Enforce the Penalties, DIR Obtains a State Court
Judgment, Which Plaintiffs Do Not Contest ................ 9

    III.    Procedural Background ............................................................ 10

LEGAL STANDARDS ................................................................................... 11

ARGUMENT .................................................................................................. 12

    I.    Plaintiffs' Claims Are Barred by the Eleventh Amendment ............. 12

    II.    Plaintiffs' Federal Constitutional Claims Are Also Time-Barred ...... 16

    III.    Plaintiffs' FAC Should Be Dismissed Without Leave to Amend ...... 20

CONCLUSION ............................................................................................... 20

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) ........................................................................ 15

*Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*
    729 F.3d 937 (9th Cir. 2013) ........................................................ 12, 14

*Bonelli v. Grand Canyon Univ.*
    28 F.4th 948 (9th Cir. 2022) ........................................................... 17

*Brach v. Newsom*
    38 F.4th 6 (9th Cir. 2022) (en banc) ............................................. 1, 13

*Cervantes v. Countrywide Home Loans, Inc.*
    656 F.3d 1034 (9th Cir. 2011) ......................................................... 20

*Comm. to Protect Our Agric. Water v. Occidental Oil & Gas Corp.*
    235 F. Supp. 3d 1132 (E.D. Cal. 2017) .......................................... 15

*Doe v. Lawrence Livermore Nat'l Lab.*
    131 F.3d 836 (9th Cir. 1997) ........................................................... 12

*Doe v. Regents of the Univ. of Cal.*
    891 F.3d 1147 (9th Cir. 2018) ......................................................... 13

*Drevaleva v. Alameda Health Sys.*
    No. 22-16150, 2023 WL 2584258 (9th Cir. Mar. 21, 2023) ............ 12

*Gonzalez v. Planned Parenthood of L.A.*
    759 F.3d 1112 (9th Cir. 2014) ......................................................... 11

*Holt v. County of Orange*
    91 F.4th 1013 (9th Cir. 2024) ......................................................... 16

*Johnson v. Rancho Santiago Cmty. Coll. Dist.*
    623 F.3d 1011 (9th Cir. 2010) ......................................................... 14

*Khoja v. Orexigen Therapeutics, Inc.*
    899 F.3d 988 (9th Cir. 2018) ........................................................... 11

ii

## TABLE OF AUTHORITIES
### (continued)

Page

*Knox v. Davis*
    260 F.3d 1009 (9th Cir. 2001) ....................................................................... 17, 18

*Lacambra v. City of Orange*
    No. 8:18-cv-00960-RGK-KES, 2019 WL 2344139 (C.D. Cal. May
    8, 2019) ............................................................................................................. 14

*Lund v. Cowan*
    5 F.4th 964 (9th Cir. July 15, 2021) ........................................................... 13, 14

*Martell v. Cole*
    115 F.4th 1233 (9th Cir. 2024) ...................................................................... 11

*Miller v. City of Los Angeles*
    No. cv 13-5148-GW(CWx), 2014 WL 12610195 (C.D. Cal. Aug. 7,
    2014) ................................................................................................................. 15

*Nat'l Audubon Soc'y, Inc. v. Davis*
    307 F.3d 835 (9th Cir. 2002) ......................................................................... 14

*Papasan v. Allain*
    478 U.S. 265 (1986) ......................................................................................... 13

*Pennhurst State Sch. & Hosp. v. Halderman*
    465 U.S. 89 (1984) ........................................................................................... 12

*Pouncil v. Tilton*
    704 F.3d 568 (9th Cir. 2012) ..................................................................... 16, 17

*Quintana v. California-Osha*
    No. 1:12-cv-822-LJO-SKO, 2012 WL 4433798 (E.D. Cal. Sept. 24,
    2012) ................................................................................................................. 12

*Rondon v. Alcoholic Beverage Control Appeals Bd.*
    151 Cal. App. 4th 1274 (2007) ......................................................................... 8

*Sargent v. Bd. of Trs. of Cal. State Univ.*
    61 Cal. App. 5th 658 (2021) .............................................................................. 3

*Spoklie v. Montana*
    411 F.3d 1051 (9th Cir. 2005) ......................................................................... 13

iii

# TABLE OF AUTHORITIES
### (continued)

**Page**

*Thomas v. County of Humboldt*
    124 F.4th 1179 (9th Cir. 2024)...................................................................17, 19

*United States v. Rundo*
    108 F.4th 792 (9th Cir. 2024)...........................................................................15

*Wang v. City of Cupertino*
    No. 22-cv-06822-BLF, 2023 WL 4626943 (N.D. Cal. July 19, 2023).............19

*W. Ctr. for Journalism v. Cederquist*
    235 F.3d 1153 (9th Cir. 2000) (per curiam).....................................................17

*W. Growers Ass'n v. Occupational Safety and Health Standards Bd.*
    73 Cal. App. 5th 916 (2021) ...............................................................................5

*Will v. Michigan Dep't of State Police*
    491 U.S. 58 (1989) ...........................................................................................12

*Ex parte Young*
    209 U.S. 123 (1908) ...................................................................................*passim*

EXECUTIVE ORDERS

Cal. Exec. Order No. N-33-20 (March 19, 2020)........................................................1

Cal. Exec. Order No. N-60-20 (May 4, 2020)............................................................1

Cal. Exec. Order No. N-07-21 (June 11, 2021)........................................................13

STATUTES

42 U.S.C. § 1983................................................................................................*passim*

Cal. Bus. & Prof. Code § 25601 ...............................................................................8

Cal. Code Civ. Proc.
    § 335.1 ............................................................................................................16
    § 1060 .............................................................................................................10
    §§ 1822.50, et seq. ............................................................................................3

# TABLE OF AUTHORITIES
## (continued)

**Page**

Cal. Lab. Code

§ 56 .................................................................................................. 3

§ 60.5 ............................................................................................... 3

§ 140 ................................................................................................ 2

§ 142.3 ............................................................................................. 2

§ 148 ................................................................................................ 2

§ 6300 .............................................................................................. 2

§ 6305 .............................................................................................. 3

§ 6309 .............................................................................................. 3

§ 6314 .............................................................................................. 3

§ 6317 .............................................................................................. 3

§ 6319 .............................................................................................. 3

§§ 6600, et seq. ............................................................................... 3

§§ 6602, et seq. ............................................................................... 4

§ 6608 .............................................................................................. 4

§ 6609 .............................................................................................. 4

§§ 6614, et seq. ............................................................................... 4

§ 6615 .............................................................................................. 4

§ 6618 .............................................................................................. 4

§§ 6627, et seq. ............................................................................... 4

§ 6650 .............................................................................................. 4

§§ 6650, et seq. ............................................................................... 4

# REGULATIONS

Cal. Code Regs. tit. 8

§§ 335, et seq. ................................................................................. 3

§ 350.1 ............................................................................................. 4

§§ 359, et seq. ................................................................................. 3

§§ 372, et seq. ................................................................................. 4

§§ 375, et seq. ................................................................................. 4

§§ 389, et seq. ................................................................................. 4

§ 3203 .............................................................................................. 7

§ 3205 ....................................................................................... *passim*

§ 14300.40 ....................................................................................... 7

1

**TABLE OF AUTHORITIES**
(continued)

2

**Page**

3

OTHER AUTHORITIES

Basilico's Pasta e Vino Entertainment, *OSHA Attempts to Serve
    Search Warrant on Tony Roman / 'Basilico's Pasta e Vino'*
    (YouTube, Jan. 23, 2021),
    https://youtu.be/Ex67nengsJQ?si=X865ud7_kSolWAY9 .............................. 6, 7

3 Cal. Jur. 3d Alcoholic Beverages § 81 (Apr. 2025) ................................................ 8

7-Z Cal. Regulatory Notice Reg. 161 (Feb. 17, 2023) ........................................... 13

Constitutional Battleground, *Story of Our Fight*,
    https://theconstitutionalbattleground.com/story-of-our-fight ............................. 9

Dep't of Indus. Rels., Div. of Occupational Safety and Health,
    Archive, Effective Dates: Nov. 30, 2020 - June 17, 2021, § 3205.
    COVID-19 Prevention,
    https://www.dir.ca.gov/dosh/.archive/title8/3205-Nov.30.2020.html ............... 8

Dep't of Indus. Rels., Occupational Safety and Health Standards Bd.,
    Finding of Emergency and Proposed Emergency Regulation, ¶ 7
    (Nov. 19, 2020), https://www.dir.ca.gov/oshsb/documents/COVID-
    19-Prevention-Emergency-FOE.pdf .................................................................... 5

Sara Cardine, *Huntington Beach Restaurant's No-Mask Position
    Deeply Divides O.C. Diners*, L.A. Times (June 30, 2020),
    https://www.latimes.com/california/story/2020-06-30/huntington-
    beach-restaurants-no-mask-position-deeply-divides-o-c-diners ......................... 6

The Highwire, *'No-Mask' Restaurant Rebels Against Newsom* (Oct.
    30, 2020), https://thehighwire.com/ark-videos/no-mask-restaurant-
    rebels-against-newsom/ ....................................................................................... 6

*Timeline Leading to California's Millionth Virus Case*, Associated
    Press (Nov. 12, 2020), https://apnews.com/article/public-health-
    gavin-newsom-california-coronavirus-pandemic-
    b5ae0dae6f4bf036c34949b867a75fda ................................................................. 4

## INTRODUCTION

"[I]n 2020 and early 2021," California "was taking its first steps navigating the largest public health crisis since the Great Influenza Epidemic of 1918." *Brach v. Newsom*, 38 F.4th 6, 9 (9th Cir. 2022) (en banc).  At the onset of the pandemic in the spring of 2020, Governor Newsom ordered Californians to follow the state's public health directives, which initially required all non-essential workers to shelter in place.  *See* Cal. Exec. Order No. N-33-20 (March 19, 2020); Cal. Exec. Order No. N-60-20 (May 4, 2020).  By November 2020, most workplaces were permitted to resume in-person operations, but the novel coronavirus—which had already infected more than a million Californians and caused more than 18,000 deaths within the state—continued to spread rapidly.  Accordingly, the California Occupational Safety and Health Standards Board adopted the COVID-19 Prevention Emergency Temporary Standards (ETS), which directed employers to implement COVID-19 protocols, such as requiring employees to wear masks and to practice social distancing.  *See* Cal. Code Regs. tit. 8, § 3205 (2020).

Most Californians took these simple steps to protect one another, to reduce the strain on the healthcare system, and to ensure that businesses could remain safely open.  But Plaintiffs—a Huntington Beach restaurant, Basilico's Pasta e Vino, and its owner, Tony Roman—decided that they were above the law.  As they admitted on TV, on podcasts, on social media, and on their website, they refused to implement any COVID-19 protections for their employees, and they "banned" masks from the restaurant altogether.

After unsuccessfully trying to get Plaintiffs to voluntarily comply with the ETS, the California Department of Industrial Relations (DIR), Division of Occupational Safety and Health (Cal/OSHA) issued citations and civil penalties against Basilico's in June 2021.  Because Plaintiffs refused to pay the penalties, DIR later obtained a state court judgment against Basilico's in May 2023.  Pursuant

to that judgment, DIR has since collected from Plaintiffs' bank account a fraction of the amount owed.  Now, Plaintiffs have come to federal court—long after they forfeited their rights to file an administrative appeal or an appeal from the state court judgment—to complain that the citations and penalties were unlawful all along.

This case should be dismissed for two reasons.  First, Defendants Cal/OSHA and Governor Newsom are entitled to sovereign immunity under the Eleventh Amendment, and none of Plaintiffs' claims fall within the narrow exception recognized by *Ex parte Young*, 209 U.S. 123 (1908).  Second, Plaintiffs' federal claims are time-barred, because they knew or had reason to know of their claimed injuries—the citations and penalties—well over two years before they filed their complaint.  Because Plaintiffs cannot cure these fatal defects, the Court should dismiss the complaint without leave to amend.

## BACKGROUND

## I.    LEGAL BACKGROUND

### A.    Cal/OSHA's Authority to Enforce Occupational Safety and Health Standards

Because this case arises out of Plaintiffs' violations of California's occupational safety and health standards, Defendants begin with an overview of the statutory and regulatory regime.

The California Legislature enacted the California Occupational Safety and Health Act of 1973 to "assur[e] safe and healthful working conditions" for California workers, including through "the enforcement of effective" occupational safety and health standards.  Cal. Lab. Code § 6300.  Within the Department of Industrial Relations (DIR), the Occupational Safety and Health Standards Board (Standards Board) sets these standards by regulation.  *Id.* §§ 140, 142.3.  In turn, DIR's Division of Occupational Safety and Health (Cal/OSHA) enforces the

2

standards, including by conducting inspections and issuing citations and penalties

for violations.  *Id.* §§ 56, 60.5, 6305, 6309, 6314, 6317.[1]

The enforcement process can be broken out into four stages.  First, if

Cal/OSHA "learns or has reason to believe that an employment or place of

employment is not safe or is injurious to the welfare of an employee, it may, on its

own motion, or upon complaint, summarily investigate the employment or place of

employment, with or without notice or hearings."  Cal. Lab. Code § 6309(a).  If an

employer does not allow a Cal/OSHA inspector to enter, then Cal/OSHA may

"obtain an inspection warrant," including on the basis that DIR has received a

complaint "that violations of occupational safety and health standards exist at the

place of employment."  *Id.* § 6314(b); *see* Cal. Code Civ. Proc. §§ 1822.50-

1822.57.

Second, if Cal/OSHA determines that an employer has violated any

occupational safety or health standard, it may issue a citation and a civil penalty.

Cal. Lab. Code § 6317.  As set forth in detail in the governing regulations, the

amount of a civil penalty varies based on several factors, including the

classification of the violation (*e.g.*, whether the violation is a "serious," "willful,"

and/or a "repeat" violation); the gravity of the violation; the employer's size; the

employer's good faith; the employer's history of violations; and whether the

employer timely abates the violation.  *See* Cal. Code Regs. tit. 8, §§ 335-36.

Third, if an employer disagrees with a citation or penalty, it may file an

administrative appeal with DIR's Occupational Safety and Health Appeals Board

(Appeals Board) within 15 working days.  *See* Cal. Lab. Code §§ 148, 6319, 6600-

02; Cal. Code Regs. Tit. 8, §§ 359-61.  An employer who files an appeal is entitled

---

[1] While there is a federal Occupational and Safety Health Administration, there is no "California Occupational Safety and Health Administration"; instead, DIR's Division of Occupational Safety and Health is often referred to as "Cal/OSHA."  *Sargent v. Bd. of Trs. of Cal. State Univ.*, 61 Cal. App. 5th 658, 663 n.1 (2021) (citation omitted), *overruled on other grounds by Stone v. Alameda Health Sys.*, 16 Cal. 5th 1040, 1086 n.28 (2024).

to pre-hearing discovery, Cal. Code Regs. tit. 8, §§ 372-372.8, and to present its case at a hearing, which may be conducted by an administrative law judge (ALJ), *id.* §§ 350.1, 375-86.  *See* Cal. Lab. Code §§ 6602-07.  After the hearing, an ALJ will issue a decision supported by findings of fact, *id.* §§ 6602, 6608, and the Appeals Board may review the ALJ's decision on its own motion or upon a timely petition for reconsideration, *id.* at §§ 6609, 6614-26; Cal. Code Regs. Tit. 8, §§ 389-94.  If an employer disagrees with the Appeals Board's order, it may then seek judicial review by timely filing a petition for a writ of mandate in the superior court.  *See* Cal. Lab. Code, §§ 6615, 6618, 6627-33.

Fourth, if a citation and penalty become final—either because the time for the employer to file an administrative appeal has expired or because the employer has exhausted the administrative appeal process—then DIR may file an action in the superior court to obtain a judgment to enforce the penalty.  Cal. Lab. Code §§ 6650-51.  Specifically, in a case where the employer has not filed an administrative appeal, DIR may file copies of the notices of citation and penalty, a certification that the penalty remains unpaid, and a proof of service of these items on the employer.  *Id.* § 6650(c).  The clerk of the superior court will then "enter judgment for the state against the person assessed the civil penalty in the amount of the penalty, plus interest." *Id.*; *see id.* § 6650(a).

### B.    The Standards Board Issues the COVID-19 Prevention Emergency Temporary Standards

By November 2020, California had already suffered more than a million COVID-19 cases and more than 18,000 COVID-19-related deaths.  *Timeline Leading to California's Millionth Virus Case*, Associated Press (Nov. 12, 2020), https://apnews.com/article/public-health-gavin-newsom-california-coronavirus-pandemic-b5ae0dae6f4bf036c34949b867a75fda.  But the "majority of California workplaces [were] allowed to engage in on-site work operations," which meant that "[m]illions of California workers face[d] potential exposure to COVID-19 on the

4

job." Dep't of Indus. Rels., Occupational Safety and Health Standards Bd., Finding

of Emergency and Proposed Emergency Regulation, ¶ 7 (Nov. 19, 2020),

https://www.dir.ca.gov/oshsb/documents/COVID-19-Prevention-Emergency-

FOE.pdf.  And at this time, there were no occupational safety and health standards

to "protect[] all workers from exposure to infectious diseases such as COVID-19,"

and the Standards Board had already received thousands of complaints that workers

were not adequately protected from COVID-19 in the workplace.  *Id.* ¶¶ 15-16.

   To address this situation, the Standards Board adopted emergency regulations

known as the COVID-19 Prevention Emergency Temporary Standards (ETS),

which took effect November 30, 2020.  *See* Cal. Code Regs. tit. 8, §§ 3205-3205.4

(2020).  As is relevant here, the ETS required employers such as Basilico's to

establish, implement, and maintain a written COVID-19 Prevention Program that

included policies and procedures to protect employees from COVID-19, such as

requiring employees to wear masks and to practice social distancing.  *Id.* § 3205(c)

(2020); *see generally W. Growers Ass'n v. Occupational Safety and Health

Standards Bd.*, 73 Cal. App. 5th 916 (2021) (upholding the ETS).

## II.  FACTUAL BACKGROUND

### A.  Plaintiffs Openly Violate the State's COVID-19 Restrictions

   Throughout the COVID-19 pandemic, Plaintiffs publicly admitted that

Basilico's refused to follow any state or local COVID-19 restrictions.  *See* FAC

¶¶ 30-31, 33.  In particular, Plaintiffs announced that they had "banned" masks

from the restaurant on TV, on podcasts, on social media, and on their website.  *Id.*

¶¶ 31 (citing, among other things, a June 2020 LA Times article featuring

Basilico's statement that it had banned masks, and an October 2020 episode of

"The Highwire" podcast featuring Roman's statement that Basilico's had banned

masks), 81 & n.6 (citing Plaintiffs' website, "TheConstitutionalBattleground.com"), 82.[2]

### B. Cal/OSHA Issues Citations and Penalties, Which Plaintiffs Do Not Contest

In November 2020, Cal/OSHA notified Plaintiffs regarding a complaint that it had received concerning operational safety and health at Basilico's.  FAC ¶ 41. When a Cal/OSHA inspector visited Basilico's to determine whether it was in compliance with occupational safety and health standards, Plaintiffs denied entry. *Id.* ¶ 40.[3]

On or about January 8, 2021, Cal/OSHA notified Plaintiffs that it had obtained a warrant on the basis of a complaint that Plaintiffs had banned masks within the restaurant.  *Id.* ¶ 45.  Ten days later, the Cal/OSHA inspector returned to Basilico's to execute the warrant, but Plaintiffs again denied entry.  *Id.* ¶ 40.

According to Plaintiffs, the Cal/OSHA inspector "admitted" on video that "Basilico's was targeted due to its outspoken defiance of the lockdown mandates." *Id.* ¶ 40.  Instead, as the video makes clear, the inspector explained to Roman that Cal/OSHA had received "several complaints" regarding Basilico's, and the inspector had personally witnessed "violations of [occupational safety and health] regulations" during his prior visit.  Basilico's Pasta e Vino Entertainment, *OSHA Attempts to Serve Search Warrant on Tony Roman / 'Basilico's Pasta e Vino'*, at 2:34-40 (YouTube, Jan. 23, 2021),

---

[2] *See* Sara Cardine, *Huntington Beach Restaurant's No-Mask Position Deeply Divides O.C. Diners*, L.A. Times (June 30, 2020), https://www.latimes.com/california/story/2020-06-30/huntington-beach-restaurants-no-mask-position-deeply-divides-o-c-diners ("Basilico's Pasta e Vino took to social media to proclaim its anti-mask sentiment using the hashtag #nomasksallowed"); The Highwire, *'No-Mask' Restaurant Rebels Against Newsom*, at 0:58-1:14 (Oct. 30, 2020), https://thehighwire.com/ark-videos/no-mask-restaurant-rebels-against-newsom/ (video of Roman stating, "We don't allow [masks]").

[3] Prior to this inspection visit, Cal/OSHA had received a total of three complaints about operational safety and health at Basilico's and sent Basilico's two inspection letters, only to receive unsatisfactory responses from Plaintiffs' legal representative at the time.

https://youtu.be/Ex67nengsJQ?si=X865ud7_kSolWAY9.  When Roman repeatedly tried to get the inspector to agree that Plaintiffs had been "targeted," the inspector responded that he was "not going to argue semantics" with Roman, but to the extent Plaintiffs could be said to have been "targeted," they were only "targeted" for publicly admitting that they were breaking the law.  *Id.* at 3:07-36 ("If I was on Facebook and I said, 'Hey, by the way, I'm breaking this regulation, this regulation.'  On Instagram: "#I'mbreakingthisregulation.  You're probably going to be 'targeted.'  That's common sense, right?").  Roman told the Cal/OSHA inspector that he refused to comply with the ETS, confirming that he would not ask his employees to wear masks and that he would not implement a COVID-19 Prevention Program.  *Id.* at 8:58-9:24, 12:22-40.

On June 17, 2021, Cal/OSHA issued the following notices of citations and penalties against Plaintiffs for violations of the following sections of title 8 of the California Code of Regulations:

    1. Violation of Section 14300.40(a) for failure to provide records to an authorized government representative upon request, resulting in a penalty of $300;

    2. Violation of Section 3203(a) for failure to establish, implement, and maintain a written Injury and Illness Prevention Program, resulting in a penalty of $560;

    3. A serious violation of Section 3205(c) for failure to establish, implement, and maintain a written COVID-19 Prevention Program, resulting in a penalty of $12,600;

    4. A serious violation of Section 3205(c)(5) for failure to provide COVID-19-related safety training and instruction to employees, resulting in a penalty of $12,600;

5. A willful and serious violation of Section 3205(c)(6)(A) for failure to
    ensure that employees maintained physical distancing of at least six feet
    from other persons when possible, resulting in a penalty of $63,000;

6. A willful and serious violation of Section 3205(c)(7)(A) for failure to
    provide employees with masks and to ensure that employees wore
    masks when indoors or when outdoors and within six feet of another
    person, resulting in a penalty of $63,000.

RJN, Ex. A at 5-22.[4]  Cal/OSHA did not cite Plaintiffs for violating any Executive
Order, nor for violating any provision of the California Business and Professions
Code. *Id.*[5]

As the notices explained, Plaintiffs had the right to file an administrative
appeal within 15 working days.  *See* RJN, Ex. A at 5-9, 21-22.  But Plaintiffs
declined to do so.

Instead, Plaintiffs chose to ignore the citations and penalties.  First, on July 8,
2021, they acknowledged the citations and penalties by posting a YouTube video
with the description: "We just discovered that on June 17, 2021, [Cal/OSHA]
proposed massive fines."  RJN, Ex. B at 1 (capitalization altered).  The video
includes a screenshot of text stating, "To the American Traitors at [Cal/OSHA], you
don't have to wait for a counter offer."  *Id.* at 3.  That screenshot is followed by a

---

[4] The version of Section 3205 in effect at the time of the violations is
available on DIR's website.  *See* Dep't of Indus. Rels., Div. of Occupational Safety
and Health, Archive, Effective Dates: Nov. 30, 2020 - June 17, 2021, § 3205.
COVID-19 Prevention, https://www.dir.ca.gov/dosh/.archive/title8/3205-
Nov.30.2020.html.
    [5] Paragraph 34 of the FAC appears to confuse Cal/OSHA—which enforces
the occupational safety and health standards found in the California Labor Code
and Title 8 of the California Code of Regulations—with the Department of
Alcoholic Beverage Control, which enforces the provisions of the California
Business and Professions Code governing liquor licensing and which "has
exclusive licensing authority over entities that sell alcoholic beverages."  *Rondon v.
Alcoholic Beverage Control Appeals Bd.*, 151 Cal. App. 4th 1274, 1281 (2007)
(citations omitted)); *see also* FAC ¶ 100 (alleging that Basilico's liquor license was
revoked); 3 Cal. Jur. 3d Alcoholic Beverages § 81 (Apr. 2025) (explaining that the
Department of Alcoholic Beverage Control may revoke a liquor license based on a
violation of California Business and Professions Code § 25601).

clip from *The Godfather Part II* in which Michael Corleone says: "My offer is this:

nothing." *Id.* at 5.

Then Plaintiffs also proudly proclaimed on their website:

> [Cal/OSHA has] fined us $152,060.00 . . . .  They too offered us an
> opportunity to defend ourselves in hearings, to make changes to our
> operations, in order to come into compliance with lockdown related
> mandates, and to negotiate away the fines.  We have ignored all
> correspondence . . . .

The Constitutional Battleground, *Story of Our Fight*,

https://theconstitutionalbattleground.com/story-of-our-fight (last visited Oct. 31,

2025).  Plaintiffs posted this statement on or before November 27, 2021.  RJN, Ex.

C at 4.

### C.  To Enforce the Penalties, DIR Obtains a State Court Judgment, Which Plaintiffs Do Not Contest

In May 2023, after Plaintiffs failed to pay the penalties for nearly two years,

DIR filed an action in the Orange County Superior Court to obtain a judgment to

enforce the penalties.  *Labor Comm'r, Dep't of Indus. Rels., Collections Unit vs.

Basilico's Pasta e Vino*, 2023-01328128 (Cal. Super. Ct.).  To obtain the judgment,

DIR submitted a certification that Basilico's failed to pay the penalties, *id.* at 4,

which itself included the notices of citations and penalties, *id.* at 5-22; proof that

Cal/OSHA mailed those notices to Basilico's and to Roman in June 2021, *id.* at 23-

24; and proof that DIR mailed the certification to Basilico's in May 2023, *id.* at 25.

On May 24, 2023, the superior court issued a judgment against Basilico's in

the amount of $181,865.49, consisting of (1) $152,060 in penalties, (2) $29,370.49

in interest, and (3) $435 in filing fees.  RJN, Ex. A at 3.  The superior court mailed

the notice of judgment to Basilico's on June 1, 2023.  *Id.* at 2.

On August 21, 2023, Plaintiffs received a separate notice "that Cal-OSHA had

levied a fine against [Basilico's], under the Department of Industrial Relation's

authority in the amount of $185,979.84." FAC ¶ 47; *see id*. ¶¶ 65, 67.  Because

Plaintiffs continued to fail to pay the penalties, DIR seized $70,000 from Plaintiffs' bank account in August 2023 and another $10,000 in October 2024.  *Id.* ¶¶ 66-68, 115, 117.

**III.  PROCEDURAL BACKGROUND**

Plaintiffs filed their original complaint on September 9, 2025, Dkt. No. 1, and their FAC on October 13, 2025, Dkt. No. 13.

The FAC lists three claims under 42 U.S.C. § 1983:  Count I, which alleges that Plaintiffs were inspected, cited, and fined in retaliation for "protected speech" in violation of the First Amendment, FAC ¶¶ 79-93; Count II, an unconstitutional conditions claim that is derivative of Plaintiffs' First Amendment claim, *id.* ¶¶ 94-105; and Count IV, which alleges that Plaintiffs' funds were seized without due process in violation of the Fourteenth Amendment, *id.* ¶¶ 113-22.  The FAC also includes allegations that the penalties violate the Excessive Fines Clause, and Defendants construe these allegations as asserting an Eighth Amendment claim for purposes of this Motion.  *See id.* ¶¶ 59-63.

Finally, the FAC lists a claim for declaratory relief under California Code of Civil Procedure § 1060:  Count III, which appears to request (1) a declaration that the ETS violated the California Administrative Procedure Act, *id.* ¶ 108, or that the ETS "exceed[ed] Defendants' statutory authority; violate[d] the California Constitution; and/or violate[d] the U.S. Constitution," *id.* ¶ 111; and (2) a declaration that DIR's collections from Plaintiffs' bank account "exceed[] Defendants' statutory authority, violate[] the California Constitution, and/ or violate[] the U.S. Constitution," *id.* ¶ 112.  To the extent Count III seeks a declaration that Defendants violated the federal constitution, it is derivative of their First Amendment (Counts I and II), Fourteenth Amendment (Count IV), and Eighth Amendment claims.

10

**LEGAL STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted). The court need not accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *id.* (citation omitted), or that contradict matters subject to judicial notice or incorporated by reference into the complaint, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014).

As explained in Defendants' corresponding Request for Judicial Notice (RJN), the Court should take judicial notice of and deem incorporated by reference the superior court's notice of judgment, which contains the judgment, RJN, Ex. A at 2, and the documents upon which the judgment is based, including the notices of citations and penalties, *id.* at 5-22; proof that Cal/OSHA mailed those notices to Basilico's and to Roman in June 2021, *id.* at 23-24; proof that DIR mailed the certification to Basilico's in May 2023, *id.* at 25; and proof that the superior court mailed the judgment to Basilico's in June 2023, *id.* at 2. The Court should also take judicial notice of Plaintiffs' YouTube video posted on July 8, 2021, including the statements made in the video's description and in the video itself. RJN, Ex. B. Finally, the Court should take judicial notice of Plaintiffs' webpage as it appeared on November 27, 2021, and of the facts not subject to reasonable dispute that as of that date their webpage stated that Cal/OSHA had fined Plaintiffs $152,060.00, that Cal/OSHA had "offered [Plaintiffs] an opportunity to defend [themselves] in hearings," and that Plaintiffs had "ignored all correspondence" from Cal/OSHA. RJN, Ex C.[6]

---

[6] The Court may also deem incorporated by reference the YouTube video that Plaintiffs reference in their FAC and that forms the basis of their claim that Cal/OSHA retaliated against them on the basis of "protected speech." *See* FAC ¶¶ 35, 40, 72; *see also Martell v. Cole*, 115 F.4th 1233, 1235 (9th Cir. 2024) (continued…)

11

**ARGUMENT**

Plaintiffs' claims fail for multiple reasons.  As a threshold matter, Cal/OSHA and Governor Newsom are immune from all of Plaintiffs' claims under the Eleventh Amendment.  On top of that, Plaintiffs' federal constitutional claims are time-barred.  Because Plaintiffs cannot fix these flaws, the Court should dismiss the FAC without leave to amend.

## I.    PLAINTIFFS' CLAIMS ARE BARRED BY THE ELEVENTH AMENDMENT

Under the Eleventh Amendment, states and state officials are immune from suits brought in federal court.  *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-02 (1984).  Additionally, Congress did not abrogate states' and state officials' immunity when enacting 42 U.S.C. § 1983, because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."  *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).  Accordingly, Cal/OSHA and Governor Newsom are immune from Plaintiffs' claims.  *See, e.g.*, *Ass'n des Eleveurs de Canards et d'Oies du Quebec v. Harris*, 729 F.3d 937, 943-44 (9th Cir. 2013) (dismissing claims against the governor); *Drevaleva v. Alameda Health Sys.*, No. 22-16150, 2023 WL 2584258, *1 (9th Cir. Mar. 21, 2023) (dismissing claims against DIR); *Quintana v. California-Osha*, No. 1:12-cv-822-LJO-SKO, 2012 WL 4433798, *3-4 (E.D. Cal. Sept. 24, 2012) (dismissing claims against the "State of California-OHSA"), *adopted*, Dkt. 7 (E.D. Cal. Oct. 31, 2012).

In *Ex parte Young*, 209 U.S. 123 (1908), the Supreme Court recognized a "narrow" exception to Eleventh Amendment immunity for claims brought against a state official in his official capacity for "an ongoing violation of federal law, and where the relief sought is prospective rather than retrospective."  *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997) (citation omitted).  But none of Plaintiffs' claims fall within this exception for the following reasons.

(deeming incorporated by reference body camera video of plaintiff's arrest where the plaintiff claimed that the officers used excessive force).

First, the *Ex parte Young* exception does not apply to state law claims.  *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1152-54 (9th Cir. 2018); *Spoklie v. Montana*, 411 F.3d 1051, 1060 (9th Cir. 2005).  Therefore, to the extent Plaintiffs claim that Defendants have violated state law (in Count III), their claims are barred by the Eleventh Amendment.[7]

Second, the *Ex parte Young* exception does not apply to claims for "retrospective relief," meaning "'relief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law,'" as opposed to "'relief that serves directly to bring an end to a present violation of federal law.'"  *Lund v. Cowan*, 5 F.4th 964, 970 (9th Cir. July 15, 2021) (quoting *Papasan v. Allain*, 478 U.S. 265, 278 (1986)).  Thus, to the extent Plaintiffs seek damages or declaratory relief for Defendants' *past* actions—*e.g.*, the imposition of citations and penalties by Cal/OSHA in 2021 or the collection of penalties by DIR in 2023 and 2024—on the basis that those actions violated federal law (in Counts I, II, and IV, the Eighth Amendment claim, and Count III to the extent it seeks a declaration that Defendants violated the federal constitution), Plaintiffs' claims are barred by the Eleventh Amendment.  *See Papasan*, 478 U.S. at 278 (*Ex parte Young* exception does not apply to relief "expressly denominated as damages" or to relief "tantamount to an award of damages for a past violation of federal law, even though styled as something else");

---

[7] This includes any allegations that the citations and penalties were untimely or excessive under the California Labor Code, *see id.* at 2, ¶¶ 10, 48-49, 51, 56-58, 71, 121; that the Standards Board and Cal/OSHA (or DIR) lacked the authority to enact and enforce the ETS and to collect unpaid penalties, *see* FAC at 2, ¶¶ 23-28, 38-39, 44, 50, 86-87, 120; and that Governor Newsom lacked the authority to issue Executive Orders N-33-20 and N-60-20 (May 4, 2020), *see id.* at 2, ¶¶ 16, 23.

In addition, Plaintiffs lack standing to bring any challenge to Executive Orders N-33-20 and N-60-20 or to bring any facial challenge to the ETS, because those orders were rescinded and replaced years ago.  *See* Cal. Exec. Order No. N-07-21 (June 11, 2021) (rescinding Executive Orders N-33-20 and N-60-20); 7-Z Cal. Regulatory Notice Reg. 161 (Feb. 17, 2023) (replacing the ETS with non-emergency regulations, which have since expired, *see* Cal. Code Regs. tit. 8, § 3205(a)(1)); *cf. Brach*, 38 F.4th at 11-12 (challenge to executive orders and to restrictions on school reopenings rendered moot by the recission of those orders and restrictions).

1  *Lund*, 5 F.4th at 969 (*Ex parte Young* exception "does not permit retrospective
2  declaratory relief").

3       That only leaves Plaintiffs' claims for "[a]n award of injunctive relief
4  prohibiting Cal-OSHA from conducting any future investigations into Plaintiff's
5  protected First Amendment Speech" and "from further levying Basilico's bank
6  accounts on the basis these actions were initiated by the Defendants in violation of
7  Roman's First Amendment Right to Free Speech and in violation of Roman and
8  Basilico's 14th Amendment Right to Due Process." FAC at 35. These claims (in
9  Counts I, II, and IV) also fail, because the *Ex parte Young* exception does not apply
10 to claims against state entities, such as Cal/OSHA.[8] *Johnson v. Rancho Santiago*
11 *Cmty. Coll. Dist.*, 623 F.3d 1011, 1022 n.5 (9th Cir. 2010); *Nat'l Audubon Soc'y,*
12 *Inc. v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002), *amended upon denial of reh'g*, 312
13 F.3d 416 (9th Cir. 2002).

14      Moreover, even if the FAC could be construed to assert the same claims for
15 injunctive relief against Governor Newsom, they would still fail. The *Ex parte*
16 *Young* exception only applies to state officials who have a direct connection to the
17 enforcement of state law that allegedly violates federal law. *See Ass'n des*
18 *Eleveurs*, 729 F.3d at 943. As the Ninth Circuit has repeatedly explained, a
19 governor's "generalized duty to enforce state law or general supervisory power over
20 the persons responsible for enforcing [state law]" is insufficient. *Id.* (citation
21 omitted). And courts routinely dismiss claims against the Governor of California
22 on this basis. *See, e.g., id.* (dismissing claims against the governor); *Nat'l Audubon*
23 *Soc'y*, 307 F.3d at 847 (same); *see, e.g.*, *Lacambra v. City of Orange*, No. 8:18-cv-
24 00960-RGK-KES, 2019 WL 2344139, *6 (C.D. Cal. May 8, 2019) (dismissing
25 claims against the governor because he did not possess "direct enforcement
26 authority to issue [state identification documents] or principal responsibility for

27 _____

28      [8] Even if Plaintiffs had brought these claims against a Cal/OSHA official,
    they still would have been time-barred. *See infra* Section II.

14

enforcing the rules surrounding the [state identification documents], vehicle registration, and parking citation processes"), *adopted*, 2019 WL 2341651 (C.D. Cal. May 31, 2019).

At most, Plaintiffs allege that, "[o]n information and belief, Governor Newsom directed . . . Cal-OSHA's retaliation against Basilico's and Roman," FAC ¶ 11; *accord id.* ¶ 78, and that, "[o]n information and belief . . . [Governor] Newsom and [former Cal/OSHA Chief Douglas] Parker conspired to retaliate against and financially punish Roman and Basilico's," *id.* ¶ 87.  But even at the pleading stage, Plaintiffs cannot carry their burden "simply by slapping the 'information and belief' label onto speculative or conclusory allegations." *Miller v. City of Los Angeles*, No. cv 13-5148-GW(CWx), 2014 WL 12610195, *5 (C.D. Cal. Aug. 7, 2014); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009) (disregarding conclusory allegations that Attorney General Ashcroft and FBI Director Mueller "'knew of, condoned, and willfully and maliciously agreed to subject [plaintiff]' to harsh conditions of confinement" while he was in federal custody).[9]  Moreover, even when a governor exercises oversight authority over the state officials who enforce state law, that by definition means that the governor himself lacks a *direct connection* to the enforcement of state law at issue.  *See Comm. to Protect Our Agric. Water v. Occidental Oil & Gas Corp.*, 235 F. Supp.

_____

[9] The thrust of Plaintiffs' FAC is that they were "targeted" based on "protected speech" because they "openly defi[ed]" the state's COVID-19 restrictions by publicly announcing that they were violating them. *See, e.g.*, FAC ¶¶ 31-34 (collecting examples and alleging that, unlike other businesses that violated COVID-19 restrictions, Plaintiffs "st[ood] alone in open defiance").  But the Ninth Circuit has flatly rejected the notion that when government officials enforce the law against those who have "publicly brag[ged]" about breaking it, that gives rise to an inference that the government officials engaged in viewpoint discrimination.  *United States v. Rundo*, 108 F.4th 792, 804 (9th Cir. 2024).  Put simply, when government officials make "prosecutorial selections," they are entitled to consider such public statements because it is *evidence* of illegal conduct, not protected speech.  *See id.*  The fact that Cal/OSHA's inspector explained this common-sense principle to Roman, *see supra* pp. 6-7, cannot support an inference that any government official has "targeted" Plaintiffs for "protected speech"—let alone an inference that Governor Newsom has played any role whatsoever in the enforcement actions against Plaintiffs.

3d 1132, 1162 (E.D. Cal. 2017) (dismissing claims against the governor even where he exercised oversight authority over state officials involved in the permitting process because he did not possess "enforcement authority to directly issue the permits in question or to change the rules governing the permit process"). Plaintiffs therefore cannot press their claims against Governor Newsom pursuant to the *Ex parte Young* exception.

## II.    PLAINTIFFS' FEDERAL CONSTITUTIONAL CLAIMS ARE ALSO TIME-BARRED

Plaintiffs' federal constitutional claims (Counts I, II, and IV and Count III to the extent it seeks a declaration that Defendants violated the federal constitution) also fail for the independent reason that they are time-barred.

Because 42 U.S.C. § 1983 does not contain an express statute of limitations, claims brought under that section are subject to "the forum state's statute of limitations for personal injury actions, as well as the state's tolling rules, 'except to the extent any of these laws is inconsistent with federal law.'" *Holt v. County of Orange*, 91 F.4th 1013, 1018 (9th Cir. 2024) (citation omitted). However, "[f]ederal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run." *Pouncil v. Tilton*, 704 F.3d 568, 574 (9th Cir. 2012) (citation omitted). Here, Plaintiffs' federal constitutional claims are subject to California's two-year statute of limitations. *Holt*, 91 F.4th at 1018 (citing Cal. Civ. Code Proc. § 335.1). And, as a matter of federal law, the limitations period began to run once Plaintiffs "knew or had reason to know of the injuries that are the basis of" their claims. *Pouncil*, 704 F.3d at 574 (citation modified).

In this case, the injuries that form the basis of Plaintiffs' claims are the citations and penalties, which Plaintiffs knew or had reason to know of in June 2021, when Cal/OSHA mailed the notices of citations and penalties to Basilico's and to Roman. *See* RJN, Ex. A at 23-24. As those notices explained, if Plaintiffs

failed to file an administrative appeal, the citations and penalties would become "a
final order of the Appeals Board" "within 15 working days from the date of
receipt," *i.e.*, in July 2023.  *Id.* at 5-7.  Plaintiffs declined to file an administrative
appeal, so the citations and penalties became final in July 2021.  By that point,
Plaintiffs also indisputably had knowledge of the citations and penalties, because
they had posted a YouTube video about them with the message that they would do
"nothing" in response.  *See* RJN, Ex. B at 5.  Therefore, by July 2021, Plaintiffs'
federal constitutional claims had accrued, because Plaintiffs knew of the injuries
that form the basis of their claims and had "complete and present cause[s] of
action."  *See Pouncil*, 704 F.3d at 573.

Specifically, Plaintiffs' First Amendment claim—that Cal/OSHA had
investigated Plaintiffs and imposed citations and penalties in retaliation for their
protected speech—had accrued because Plaintiffs knew or should have known of
the purported "retaliation for the exercise of First Amendment rights."  *W. Ctr. for
Journalism v. Cederquist*, 235 F.3d 1153, 1157 (9th Cir. 2000) (per curiam); *accord
Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022).  Plaintiffs'
Fourteenth Amendment claim—that the citations and penalties had been imposed
without due process—had also accrued because Plaintiffs had been given "notice
that [they] would not receive any further process."  *Knox v. Davis*, 260 F.3d 1009,
1016 (9th Cir. 2001).  And Plaintiffs' Eighth Amendment claim—that the penalties
were excessive—had accrued because Plaintiffs "knew or should have known [they
were] subject to the penalties."  *Thomas v. County of Humboldt*, 124 F.4th 1179,
1192 (9th Cir. 2024), *cert. denied*, 2025 WL 2906470 (U.S. Oct. 14, 2025).  Thus,
the statute of limitations on Plaintiffs' 42 U.S.C. § 1983 claims began to run no
later than July 2021 and expired no later than July 2023.[10]

---

[10] Even if it were somehow the case that Plaintiffs did not know and should
not have known about the citations and penalties in July 2021, Plaintiffs' own
website reflects knowledge of the citations and penalties by November 2021, at
which time their website explicitly stated that Cal/OSHA had fined Plaintiffs
(continued…)

17

After the citations and penalties became final, DIR secured a judgment to enforce the penalties in May 2023, *see* RJN, Ex B, and it subsequently made collections from Plaintiffs' bank account in August 2023 and October 2024 in accordance with that judgment, FAC ¶¶ 66-68, 115, 117.  But these actions did not restart the clock on Plaintiffs' 42 U.S.C. § 1983 claims.

On this point, *Knox v. Davis*, 260 F.3d 1009, is controlling.  In that case, the Ninth Circuit held that the statute of limitations on a criminal defense attorney's due process claim began to run when she received a letter from the California Department of Corrections and Rehabilitation (CDCR) informing her that her legal mail and visitation rights at all CDCR facilities had been permanently suspended, and the limitations period did not restart each time she was subsequently denied access to CDCR facilities.  *Id.* at 1012-16.  As is relevant here, the court rejected the plaintiff's argument that the "permanent suspension letter acted as the first punch and each subsequent denial of access to clients housed in CDCR facilities acted as additional punches" that "trigger[ed] a new running of the statute of limitations."  *Id.* at 1014.  Using the plaintiff's analogy, the court explained that although the permanent suspension letter "served as the symbolic punch in the nose, triggering the statute of limitations," the "subsequent denials" of access were "more akin to developing problems as a natural consequence of the one and only punch, such as a bloody nose."  *Id.* at 1015.  In other words, because the subsequent denials were "nothing more than a continuing impact of the permanent suspension," they did not restart the statute of limitations period.  *Id.*  In the present case, DIR's

$152,060.00 and offered them an opportunity to be heard, and that Plaintiffs had "ignored all correspondence."  RJN, Ex. C at 4.

Moreover, even if this admission as of November of 2021 were not sufficient, Plaintiffs knew or should have known about the citations and penalties by the summer of 2023, when Plaintiffs were *again* mailed the notices of citations and penalties by DIR in May 2023 and by the superior court in June 2023, *see* RJN, Ex. A at 3, 25, and when Plaintiffs received a notice "that Cal-OSHA had levied a fine against [Basilico's], under the Department of Industrial Relation's authority in the amount of $185,979.84" on August 21, 2023.  FAC ¶ 47.

If the statute of limitations began to run at any of these points in time, it still expired before Plaintiffs filed their case on September 9, 2025.

1  collections are nothing more than the continuing impact of Cal/OSHA's citations

2  and penalties; they did not restart the statute of limitations.

3      *Thomas v. County of Humboldt*, 124 F.4th 1179, is also on point.  There, the

4  defendant county's code provided that once an individual was served with a notice

5  of violation of the county's building and zoning laws, penalties would be

6  automatically imposed within ten days and could continue to accrue for 90 days.

7  *Id.* at 1184-85.  One of the plaintiffs, Cyro Glad, waited to file his excessive fines

8  claim for "nearly four years" after being served with a notice of violation.  *Id.* at

9  1192.  The Ninth Circuit held that Glad's claim was time-barred, because he "knew

10 or should have known he was subject to the penalties at the time he received the

11 [notice of violation] and for the ninety days during which daily penalties were

12 imposed." *Id.*  Although Glad "may [have] continue[d] to face the coercive effects

13 of the heavy penalties, that [was] not enough to make his as-applied claim timely."

14 *Id.* (citation omitted).  The same result follows here.  While Plaintiffs continue to

15 face the effects of the citations and penalties in the form of collections, that cannot

16 make their federal constitutional claims timely.

17     Finally, in *Wang v. City of Cupertino*, the Northern District of California

18 dismissed similar claims.  No. 22-cv-06822-BLF, 2023 WL 4626943 (N.D. Cal.

19 July 19, 2023), *appeal dismissed as frivolous*, 2024 WL 3811407 (9th Cir. Feb. 29,

20 2024).  In that case, the defendant city had cited and fined the plaintiff for violating

21 its building and zoning laws, and the plaintiff lost her administrative appeal.  *Id.* at

22 *1.  The district court held that the statute of limitations on the plaintiff's due

23 process claims began to run upon the conclusion of the administrative appeal

24 because that was the "latest" point by which the plaintiff "had reason to know of the

25 injury that form[ed] the basis of her claim"; the city's "continued attempts to collect

26 the fine [did] not extend the statute of limitations to challenge the fine."  *Id.* at *7-8.

27 Here, too, the statute of limitations began by the time the citations and penalties

28 became final, and it was not extended by DIR's collection efforts.

19

1    **III.  PLAINTIFFS' FAC SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND**

2            Dismissal without leave to amend is proper where amendment would be futile.

3    *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir.

4    2011).  That is the case here.  Plaintiffs have already taken the opportunity to

5    amend their complaint once, and their claims still fail for multiple reasons.  For the

6    reasons explained above, Plaintiffs cannot cure the Eleventh Amendment defects in

7    their declaratory relief claim (Count III) to the extent they claim that Defendants

8    have violated state law.  And even if Plaintiffs were to amend their federal

9    constitutional claims (Counts I, II, and IV and Count III to the extent it claims that

10   Defendants violated the federal constitution) in an attempt to cure their Eleventh

11   Amendment defects, those claims would still be time-barred.  Therefore, the Court

12   should deny any request for leave to amend and bring this case to a close.

13                                    **CONCLUSION**

14           The Court should dismiss the FAC without leave to amend.

15   Dated:  November 3, 2025                    Respectfully submitted,

16                                               ROB BONTA
                                                 Attorney General of California
17                                               ANNA FERRARI
                                                 Supervising Deputy Attorney General
18

19

20                                                /s/ *Liam E. O'Connor*
                                                 LIAM E. O'CONNOR
21                                               Deputy Attorney General
                                                 *Attorneys for Defendants*
22

23

24

25

26

27

28

1

**LOCAL RULE 11-6 CERTIFICATE OF COMPLIANCE**

2

The undersigned, counsel of record for Defendants, certifies that this brief

3

contains 6,545 words, which complies with the word limit of L.R. 11-6.1.

4

Dated:  November 3, 2025                    Respectfully submitted,

5

6

ROB BONTA
Attorney General of California
ANNA FERRARI
Supervising Deputy Attorney General

7

8

9

/s/ Liam E. O'Connor

LIAM E. O'CONNOR
Deputy Attorney General
*Attorneys for Defendants*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21