1   Rob Bonta
    Attorney General of California
2   Anna Ferrari (SBN #261579)
    Supervising Deputy Attorney General
3   Liam E. O'Connor (SBN #330050)
    Deputy Attorney General
4    455 Golden Gate Avenue, Suite 11000
     San Francisco, CA  94102-7004
5    Telephone:  (415) 510-3915
     Fax:  (415) 703-5480
6    E-mail:  Liam.OConnor@doj.ca.gov
    *Attorneys for Defendants Governor Gavin Newsom*
7   *and California Department of Industrial Relations,*
    *Division of Occupational Safety and Health*
8

9              IN THE UNITED STATES DISTRICT COURT

10           FOR THE CENTRAL DISTRICT OF CALIFORNIA

11

12

| | |
|---|---|
| 13  **TONY ROMAN, et al.,** | 2:25-cv-08531-HDV-Ex |
| 14                      Plaintiffs, | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT** |
| 15        **v.** | **OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST** |
| 16  **GAVIN NEWSOM, in his official** | **AMENDED COMPLAINT** |
| 17  **capacity as Governor of the State of California, et al.,** | Date:        January 22, 2026 |
| 18                      Defendants. | Time:        10:00 a.m. |
| | Courtroom:  5B |
| | Judge:        Honorable Hernán D. Vera |
| 19 | Action Filed: September 9, 2025 |

20

21

22

23

24

25

26

27

28

**REQUEST FOR JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201, Defendants Governor Gavin
Newsom and the California Department of Industrial Relations, Division of
Occupational Safety and Health (Cal/OSHA), submit this Request for Judicial
Notice in support of Defendants' concurrently filed Motion to Dismiss Plaintiffs'
First Amended Complaint (FAC).

## I.   BACKGROUND

Attached as Exhibit A is a copy of the notice of judgment entered by the
Superior Court of Orange County on May 24, 2023, in favor of the California
Department of Industrial Relations (DIR) and against Plaintiff Basilico's Pasta e
Vino in *Labor Commissioner, Department of Industrial Relations, Collections Unit
vs. Basilico's Pasta e Vino*, 2023-01328128 (Cal. Super. Ct.).[1]  The notice of
judgment, which was mailed to Basilico's on June 1, 2023, Ex. A at 2, contains the
judgment for $181,865.49, including $152,060.00 in penalties, $29,370.49 in
interest, and $435.00 in filing fees, *id.* at 3.  The judgment also contains the
documents upon which it is based—namely, (1) a certification that Basilico's failed
to pay the penalties, *id.* at 4, which itself included (2) the notices of citations and
penalties, *id.* at 5-22; (3) proof that Cal/OSHA mailed those notices to Basilico's
and to Roman in June 2021, *id.* at 23-24; and (4) proof that DIR mailed the
certification to Basilico's in May 2023, *id.* at 25

These documents are relevant to Plaintiffs' claims that they were cited and
fined by Cal/OSHA and subject to collections by DIR in violation of their rights to
free speech, to be free from excessive fines, and to due process, because they show

---

[1] Because the notice of judgment did not contain page numbers, Defendants
have added page numbers to the lower left corner of each page for ease of
reference.  No other changes have been made to the notice of judgment.
    The notice of judgment is accessible on the superior court's docket through
the court's website and through the Lexis Nexis CourtLink database.  *See* Superior
Court of County of Orange, *Civil Case Access*,
https://civilwebshopping.occourts.org/; LexisNexis, *CourtLink (Dockets)*,
https://advance.lexis.com/courtlinksearch.

1  the legal basis for the citations and penalties; that the penalties were calculated

2  according to the regulatory scheme, *see* Cal. Code Regs. tit. 8, §§ 335-36; and that

3  Plaintiffs were provided timely notice of and an opportunity to challenge both the

4  citations and penalties and the superior court's judgment.  These documents are also

5  particularly relevant to Defendants' arguments that Plaintiffs' federal constitutional

6  claims are time-barred, because they show that Plaintiffs knew or had reason to

7  know of the citations and penalties when the notices were mailed to Plaintiffs by

8  Cal/OSHA in June 2021, Ex. A at 23-24; when the notices were again mailed to

9  Plaintiffs by DIR in May 2023, *id.* at 25; and when the notices were again mailed to

10  Plaintiffs by the superior court in June 2023, *id.* at 3.  *See* Mot. at 16-18 & n.10.

11      Attached as Exhibit B are screenshots of a video posted on Plaintiffs'

12  YouTube page on July 8, 2021.  *See* Basilico's Pasta e Vino Entertainment, *New*

13  *Development: OSHA Trying to Extort Tony Roman & 'Basilico's Pasta e Vino'?*,

14  (YouTube, Jul. 8, 2021), https://www.youtube.com/watch?v=pC93ATt6VHU.  The

15  video's description states: "We just discovered that on June 17, 2021, [Cal/OSHA]

16  proposed massive fines."  Ex. B at 1.  The video itself includes a slide of text

17  stating, "To the American Traitors at [Cal/OSHA], you don't have to wait for a

18  counter offer."  *Id.* at 3.  That slide is followed by a clip from *The Godfather Part II*

19  in which Michael Corleone says: "My offer is this: nothing."  *Id.* at 5.

20      Attached as Exhibit C is a screenshot of Plaintiffs' webpage as it appeared on

21  November 27, 2021, as archived on the Wayback Machine.  *See* Wayback Machine,

22  The Constitutional Battleground, *Story of Our Fight*,

23  https://web.archive.org/web/20211127141118/https://theconstitutionalbattleground.

24  com/story-of-our-fight#expand (captured Nov. 27, 2021); *see* FAC ¶ 81 & n.6

25  (referencing Plaintiffs' website).[2]  Like the current version of Plaintiffs' webpage,

26  *see* The Constitutional Battleground, *Story of Our Fight*,

27

28  _____
    [2] Exhibit D is a copy of the same screenshot with the banner including the
    archival information displayed.

https://theconstitutionalbattleground.com/story-of-our-fight (last visited Oct. 31, 2025), the November 27, 2021, version states:

> [Cal/OSHA has] fined us $152,060.00 . . . .  They too offered us an opportunity to defend ourselves in hearings, to make changes to our operations, in order to come into compliance with lockdown related mandates, and to negotiate away the fines.  We have ignored all correspondence . . . .

Ex. C at 4.

Plaintiffs' July 8, 2021, YouTube video and the November 27, 2021, version of Plaintiffs' webpage are pertinent to Defendants' statute of limitations arguments, because they illustrate that Plaintiffs knew or had reason to know of the citations and penalties as of July 8, 2021, and as of November 27, 2021.  *See* Mot. at 16-18 & n.10.

## II.    THE COURT SHOULD TAKE JUDICIAL NOTICE OF THE SUPERIOR COURT'S NOTICE OF JUDGMENT AND ALSO DEEM IT TO BE INCORPORATED BY REFERENCE

First, the Court should take judicial notice of the superior court's notice of judgment and the facts not subject to reasonable dispute that the superior court mailed the notice of judgment to Basilico's in June 2023, and that the judgment was based on proof that Basilico's had been mailed the notices of citations and penalties in June 2021 and again in May 2023.  *See Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (the court may "take judicial notice of undisputed matters of public record, including documents on file in federal or state courts").

Second, the Court should deem these documents to be incorporated by reference into Plaintiffs' FAC.  The incorporation-by-reference doctrine applies to documents that plaintiffs "refer[] extensively to" in their complaint or that "form the basis of" their claims.  *Khoja*, 899 F.3d at 1002 (citation omitted).  Importantly, the doctrine applies to documents that are "crucial to" plaintiffs' claims even if those documents are "not explicitly" mentioned in their complaints, because otherwise plaintiffs could "surviv[e] a Rule 12(b)(6) motion by deliberately

1  omitting references to documents upon which their claims are based." *Parrino v.*
2  *FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (deeming incorporated by reference
3  health care insurance plan documents where the plaintiff claimed the administrator
4  wrongfully denied coverage), *superseded by statute on other grounds as recognized*
5  *by Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681-82 (9th Cir. 2006); *see*
6  *also Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005) (deeming
7  incorporated by reference a website's surrounding pages and photographs where the
8  plaintiff claimed that one photograph and caption were defamatory).[3]

9      Here, the judgment and the documents upon which it is based—namely, the
10  notices of citations and penalties and the proofs of service—form the basis of
11  Plaintiffs' claims, because Plaintiffs' claims challenge the citations and penalties
12  and the collections made pursuant to the judgment.  Without these documents, it is
13  impossible to assess why Plaintiffs were cited, penalized, and subject to collections;
14  how the penalties were calculated; and whether and when Plaintiffs were provided
15  with notice and an opportunity to be heard—all of which are central to Plaintiffs'
16  claims.  In particular, the question of when Plaintiffs had notice of the citations and
17  penalties is relevant to determining when their claims accrued for purposes of
18  Defendants' Motion.  *See* Mot. at 16-18 & n.10.  Accordingly, the Court should
19  deem these documents to be incorporated by reference.  *See Wang v. City of*
20  *Cupertino*, No. 22-cv-06822-BLF, 2023 WL 4626943, *5 (N.D. Cal. July 19, 2023)
21  (deeming incorporated by reference notice of citations and penalties where plaintiff
22  claimed that the penalties violated her right to due process), *appeal dismissed as*
23  *frivolous*, 2024 WL 3811407 (9th Cir. Feb. 29, 2024); *Baldwin Park Free Speech*
24  *Coal. v. City of Baldwin Park*, No. 2:19-CV-09864-CAS-Ex, 2021 WL 616288, *4

25  
26  [3] Documents may not be incorporated by reference when a party properly
  disputes their authenticity, but a plaintiff cannot dispute authenticity on the ground
27  that documents were "not reviewed by or made available to him," because that
  assertion "does not address, much less cast doubt on" whether the documents are
28  "what [their] proponent claims."  *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152,
  1161 (9th Cir. 2012) (citations omitted).

nn.3-4 (C.D. Cal. Feb. 17, 2021) (deeming incorporated by reference notices of
citations and penalties where plaintiffs claimed that the citations and penalties
violated their rights to free speech, due process, and to be free from excessive
fines).

### III. THE COURT SHOULD TAKE JUDICIAL NOTICE OF PLAINTIFFS' JULY 8, 2021, YOUTUBE VIDEO AND THE NOVEMBER 27, 2021, VERSION OF PLAINTIFFS' WEBPAGE

The Court should also take judicial notice of the video posted on Plaintiffs'
YouTube page on July 8, 2021, and of the facts not subject to reasonable dispute
that the video was posted on July 8, 2021; that the video's description states, "We
just discovered that on June 17, 2021, [Cal/OSHA] proposed massive fines," Ex. B
at 1; and that the video includes the statements captured in the screenshots included
in Exhibit B, *id.* at 1-5.  *See Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 259 n.2
(9th Cir. 2013) (taking judicial notice of webpages because "it is proper to take
judicial notice of various publications introduced 'to indicate what was in the public
realm at the time'" (citation omitted)); *Novation Sols., Inc. v. Issuance Inc.*, No.
2:23-cv-00696-WLH-KSx, 2023 WL 6373871, at *14 (C.D. Cal. Aug. 16, 2023)
(taking judicial notice of public webpages, including YouTube).

Finally, the Wayback Machine is "a service that allows people to visit
archived versions of Web sites."  Wayback Machine, *Wayback Machine General
Information*, https://help.archive.org/help/wayback-machine-general-information/,
(last visited Oct. 31, 2025).  "In this district, the contents of web pages available
through the Wayback Machine are generally proper subjects of judicial notice 'as
facts that can be accurately and readily determined from sources whose accuracy
cannot reasonably be questioned.'"  *Valenzuela v. Kroger Co.*, No. CV 22-6382-
DMG (AGRx), 2024 WL 1336959, *3 n.7 (C.D. Cal. Mar. 28, 2024) (quoting
*McGucken v. Triton Elec. Vehicle LLC*, No. CV 21-3624-DMG (GJSx), 2022 WL
2101725, *3 (C.D. Cal. Mar. 21, 2022); *see also, e.g.*, *UL LLC v. Space Chariot,
Inc.*, 250 F. Supp. 3d 596, 604 n.2 (C.D. Cal. 2017) (collecting cases).  Thus, the

5

1    Court should take judicial notice of Plaintiffs' webpage as it appeared on November

2    27, 2021, and of the facts not subject to reasonable dispute that as of that date

3    Plaintiffs' webpage stated that Cal/OSHA had fined Plaintiffs $152,060.00, that

4    Cal/OSHA had "offered [Plaintiffs] an opportunity to defend [themselves] in

5    hearings," and that Plaintiffs had "ignored all correspondence" from Cal/OSHA.

6    Ex B at 4.

7

8    Dated:  November 3, 2025                    Respectfully submitted,

9                                               ROB BONTA
                                                Attorney General of California
10                                              ANNA FERRARI
                                                Supervising Deputy Attorney General
11

12

13                                              /s/ Liam E. O'Connor

14                                              LIAM E. O'CONNOR
                                                Deputy Attorney General
15                                              Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit A

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**<br>STREET ADDRESS: 700 Civic Center Dr. West<br>MAILING ADDRESS: 700 Civic Center Dr. West<br>CITY AND ZIP CODE: Santa Ana, CA 92701 BRANCH NAME: Central<br>Justice Center | *FOR COURT USE ONLY* |
| PLAINTIFF: LABOR COMMISSIONER, DEPARTMENT OF INDUSTRIAL RELATIONS, COLLECTIONS UNIT | |
| DEFENDANT: BASILICO'S PASTA E VINO | **05/24/2023** |
| Short Title: Labor Commissioner, Department of Industrial Relations, Collections Unit vs. Basilico's Pasta E Vino | |
| **NOTICE OF ENTRY OF JUDGMENT** ☐ Amended | CASE NUMBER:<br>30-2023-01328128-CU-EN-CJC |

You and each of you will please take notice:

That on 05/24/2023 the attached Judgment was entered. Pursuant to Code of Civil Procedure §1952 exhibits will be destroyed 60 days after final determination of the case, unless you request them returned.


**CLERK OF THE SUPERIOR**


Date: 05/31/2023

By: _____

DEPUTY CLERK


**NOTICE OF ENTRY OF JUDGMENT**

Page: 1

**1**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

Central Justice Center
700 W. Civic Center Drive
Santa Ana, CA 92702

**SHORT TITLE:** Labor Commissioner, Department of Industrial Relations, Collections Unit vs. Basilico's Pasta E Vino

| **CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE** | CASE NUMBER: **30-2023-01328128-CU-EN-CJC** |
|---|---|

I certify that I am not a party to this cause. I certify that a true copy of the above Notice of Entry of Judgment (Civil) has been placed for collection and mailing so as to cause it to be mailed in a sealed envelope with postage fully prepaid pursuant to standard court practice and addressed as indicated below. This certification occurred at Santa Ana, California on 5/31/23. Following standard court practice the mailing will occur at Sacramento, California on 6/1/23.

BASILICO'S PASTA E VINO
21501 BROOKHURST STREET
HUNTINGTON BEACH, CA 92646

LABOR COMMISSIONER, DEPARTMENT OF
INDUSTRIAL RELATIONS, COLLECTIONS UNIT
P.O. BOX 420603
SAN FRANCISCO, CA 94142

Clerk of the Court, by:

_____, Deputy

I certify that I am not a party to this cause. I certify that the following document(s), Notice of Entry of Judgment (Civil), have been transmitted electronically by Orange County Superior Court at Santa Ana, CA. The transmission originated from Orange County Superior Court email address on May 31, 2023, at 4:15:34 PM PDT. The electronically transmitted document(s) is in accordance with rule 2.251 of the California Rules of Court, addressed as shown above. The list of electronically served recipients are listed below:

LABOR COMMISSIONER, DEPARTMENT OF
INDUSTRIAL RELATIONS, COLLECTIONS UNIT
JHCHEN@DIR.CA.GOV

LABOR COMMISSIONER, DEPARTMENT OF
INDUSTRIAL RELATIONS, COLLECTIONS UNIT
JHCHEN@DIR.CA.GOV

Clerk of the Court, by:

_____, Deputy

---

**CLERK'S CERTIFICATE OF MAILING/ELECTRONIC SERVICE**

**2**

Electronically Filed by Superior Court of California, County of Orange, 05/24/2023 11:31:23 AM.
30-2023-01328128-CU-EN-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By K. Climer, Deputy Clerk.
#:169

| STATE OF CALIFORNIA<br>Department of Industrial Relations<br>Collections Unit<br>455 Golden Gate Avenue, 10th Floor<br>San Francisco, CA 94102-0603 | FOR COURT USE ONLY |
|---|---|
| **STATE OF CALIFORNIA**<br>**ORANGE COUNTY SUPERIOR COURT** | |

| PLAINTIFF<br><br>DEPARTMENT OF INDUSTRIAL RELATIONS | |
|---|---|
| DEFENDANT<br>BASILICO'S PASTA E VINO<br><br>AND IT'S SUCCESSOR | COURT NUMBER<br><br>30-2023-01328128-CU-EN-CJC |
| STATE CASE NUMBER    32-1507030 | **REQUEST THAT CLERK ENTER JUDGMENT AND JUDGMENT ON FINAL CITATION AND NOTIFICATION OF PENALTY OF THE DIVISION OF OCCUPATIONAL SAFETY AND HEALTH** |

*REQUEST THAT CLERK ENTER JUDGMENT*

The Citation and Notification of Penalty of the Division of Occupational Safety and Health has become final and the clerk is requested to enter judgment immediately in conformity with the accompanying certified copy.

Dated:    May 23, 2023        By      JENNIFER CHEN     Litigant

***JUDGMENT***

A certified copy of a final Citation and Notification of Penalty of the Division of Occupational Safety and Health has been filed with this court. Judgment therefore is entered as follows:

A.    [ X ]    Plaintiff recovers from Defendant:

(1) $      152,060.00    for penalties pursuant to Labor Code Section 6423 - 6436;

(2) $      29,370.49    for interest pursuant to Labor Code Section 6650(c)(d);*<br>                        *please note that interest will continue to accrue at the applicable rates

(3) $      435.00    for filing fee pursuant to Government Code Section 6103.5;

(4) $      181,865.49    **Total Amount of Judgment.**

*I certify this to be a true copy of the judgment entered on*    05/24/2023    *; in Judgment Book*   XXXXXXXXX<br>*at page* XXXXXXX *or microfilmed pursuant to C.C.P 668.5.*

David H. Yamasaki<br>Clerk of the Court      *Clerk, By*                 *, Deputy Clerk*<br>                                              K Climer

REQUEST THAT CLERK ENTER JUDGMENT AND JUDGMENT ON FINAL
CITATION AND NOTIFICATION OF PENALTY OF THE
DIVISION OF OCCUPATIONAL SAFETY AND HEALTH

**3**

State of California

# Department of Industrial Relations

### Division of Occupational Safety and Health

## CERTIFICATION FOR EXECUTION



DEPT. OF INDUSTRIAL RELATIONS

vs.                          Civil Penalty No:     **1507030**

Basilico's Pasta e Vino

I hereby certify under penalty of perjury under the laws of the State of California that the
attached document is a full, true and correct copy of the final Citation and Notification of Penalty
of the Division of Occupational Safety and Health consisting of the following:

Citation and Notification of Penalty Nos.1 through 05, consisting in total of 00 pages,
assessing a total civil penalty of $152060.00, which has been determined to be an
unpaid civil penalty.

consisting of **26** pages, assessing a total civil penalty of $ 152060.00 , which has been

determined to be an unpaid civil penalty.

Attest my hand and Seal of the Division of Occupational Safety and Health of the State of California.

_____
Custodian of Records

Executed on __March 17, 2023__ , at __Santa Ana__ , California

Tech Services Revision Date: 8/2/2017
All other revisions superceded

**4**

**State of California**
**Department of Industrial Relations**
**Division of Occupational Safety and Health**
**San Diego District Office**
7575 Metropolitan Drive, Suite 207
San Diego, CA 92108
Phone: (619) 767-2280    Fax: (619) 767-2299



---

### CITATION AND NOTIFICATION OF PENALTY

---

**To:**
Basilico's Pasta e Vino
and its successors
21501 Brookhurst Street
Huntington Beach, CA 92646

**Inspection #:**         1507030
**Inspection Date (s):** 12/17/2020 – 06/17/2021
**Issuance Date:**       06/17/2021
**CSHO ID:**             F1671
**Optional Report #:**   1507030
**Reporting ID:**        0950632

**Inspection Site:**
21501 Brookhurst Street
Huntington Beach, CA 92646

*The violation(s) described in this Citation and Notification of Penalty is (are) alleged to have occurred on or about the day(s) the inspection was made unless otherwise indicated within the description given below.*

---

**This Citation and Notification of Penalty** (hereinafter Citation) is being issued in accordance with California Labor Code Sections 6317 and 6320 for violations that were found during the inspection/ investigation. **This Citation or a copy must be prominently posted upon receipt by the employer at or near the location of each violation until the violative condition is corrected or for three working days, whichever is longer**. Violations of Title 8 of the California Code of Regulations or of the California Labor Code may result in some instances in prosecution for a misdemeanor.

**YOU HAVE A RIGHT** to contest this Citation and Notification of Penalty by filing an appeal with the Occupational Safety and Health Appeals Board. To initiate your appeal, you **must** contact the Appeals Board, in writing or by telephone, or online, within 15 working days from the date of receipt of this Citation. If you miss the 15 working day deadline to appeal, the Citation and Notification of Penalty becomes a final order of the Appeals Board, not subject to review by any court or agency.

**Informal Conference** - You may request an informal conference with the manager of the district office which issued the Citation within 10 working days after receipt of the Citation. However, if the citation is appealed, you may request an informal conference at any time prior to the day of the hearing. Employers are encouraged to schedule a conference at the earliest possible time to assure an expeditious resolution of any issues. At the informal conference, you may discuss the existence of the alleged violation(s), classification of the violation(s), abatement date or proposed penalty.

---

Be sure to bring to the conference any and all supporting documentation of existing conditions as well as any abatement steps taken thus far. If conditions warrant, we can enter into an agreement which resolves this matter without litigation or contest.

## APPEAL RIGHTS

The Occupational Safety and Health Appeals Board (Appeals Board) consists of three members appointed by the Governor. The Appeals Board is a separate entity from the Division of Occupational Safety and Health (Cal/OSHA or the Division) and employs experienced administrative law judges to hear appeals fairly and impartially. To initiate an appeal from a Citation and Notification of Penalty, you must contact the Appeals Board in writing, or by telephone, or online via the Board's OASIS system, within 15 working days from the date of receipt of a Citation.

After you have initiated your appeal, you must then file a completed appeal form with the Appeals Board, at the address listed below, or online via the Board's OASIS system, for each contested Citation. Failure to file a completed appeal form with the Appeals Board may result in dismissal of the appeal. Appeal forms are available to print online at: https://www.dir.ca.gov/oshab/appealform.pdf. You may also file the appeal through the Board's online OASIS system at: https://www.dir.ca.gov/oshab/. Hard copies can also be picked up from district offices of the Division, or from the Appeals Board:

Occupational Safety and Health Appeals Board
2520 Venture Oaks Way, Suite 300
Sacramento, CA 95833
Telephone: (916) 274-5751 or (877) 252-1987
Fax: (916) 274-5785

If the Citation you are appealing alleges more than one item, you must specify on the appeal form which items you are appealing. The appeal form also asks you to identify the grounds for your appeal. Among the specific grounds for an appeal are the following: the safety order was not violated, the classification of the alleged violation (e.g., serious, repeat, willful) is incorrect, the abatement requirements are unreasonable or the proposed penalty is unreasonable.

**Important:** You must notify the Appeals Board, not the Division, of your intent to appeal within 15 working days from the date of receipt of the Citation. Otherwise, the Citation and Notification of Penalty becomes a final order of the Appeals Board not subject to review by any court or agency. An informal conference with Cal/OSHA or the Division **does not** constitute an appeal and **does not** stay the 15 working day appeal period. If you have any questions concerning your appeal rights, call the Appeals Board, at (916) 274-5751 or (877) 252-1987.

## PENALTY PAYMENT OPTIONS

For general/regulatory violations, and for serious violations that have been abated, penalties are due within 15 working days of receipt of this Citation and Notification of Penalty unless contested. If you are appealing any item of the Citation, remittance is still due on all items described above that are not appealed. Enclosed for your use is a Penalty Remittance Form for payment.

For serious violations that are not abated, if a signed statement of abatement (as described under "Notification of Corrective Action", below) is not timely received or if the statement does not demonstrate acceptable abatement, penalties will be due within 15 working days after the date the signed statement was due, unless contested.

For serious violations for which a signed statement of abatement demonstrating acceptable abatement is timely received, the payment due date will be described in a Modified Citation and Notification of Penalty that you will receive reflecting a 50% abatement credit.

If you are paying electronically, please have the Penalty Remittance Form on-hand when you are ready to make your payment. The company name, inspection number, and Citation number(s) will be required in order to ensure that the payment is accurately posted to your account. Please go to: **www.dir.ca.gov/dosh/CalOSHA_PaymentOption.html** to access the secure payment processing site. **Additionally, you must also mail the Penalty Remittance Form to the address below.**

If you are paying by check, return one copy of the Citation, along with the Notice of Proposed Penalties Sheet and the Penalty Remittance Form and mail to:

Department of Industrial Relations
Cal/OSHA Penalties
P. O. Box 516547
Los Angeles, CA 90051-0595

Cal/OSHA does not agree to any restrictions, conditions or endorsements put on any check or money order for less than the full amount due, and will cash the check or money order as if these restrictions, conditions, or endorsements do not exist.

## NOTIFICATION OF CORRECTIVE ACTION

For general/regulatory violations which you do not contest, you should notify the Division of Occupational Safety and Health promptly by letter that you have taken appropriate corrective action within the time frame set forth on this Citation and Notification of Penalty. Please inform the district office listed on the Citation by submitting the Cal/OSHA 160 form with the abatement steps you have taken and the date the violation was abated, together with adequate supporting documentation, e.g., drawings or photographs of corrected conditions, purchase/work orders related to abatement actions, air sampling results, etc. The adjusted penalty for general violations has already been reduced by 50% on the presumption that the employer will correct the violations by the abatement date. The adjusted penalty for serious violations that have been abated, if any, has already been reduced by 50% because abatement of those violations has been completed.

The adjusted penalty for serious violations that have not been abated will be reduced by 50% if the

Division of Occupational Safety and Health receives from you within 10 working days following the abatement date a signed statement under penalty of perjury (Cal/OSHA form 161) and sufficient supporting evidence, when necessary to prove abatement, demonstrating abatement acceptable to the Division. If the Division does not receive the statement of abatement within 10 working days after the abatement date, the adjusted penalty will <u>not</u> be reduced by 50% - <u>regardless</u> of whether you appeal the serious citations.

**Note**: Return the Cal/OSHA 160/161 forms to the district office listed on the Citation and as shown below:

Division of Occupational Safety and Health
San Diego District Office
7575 Metropolitan Drive, Suite 207
San Diego, CA 92108
Telephone: (619) 767-2280
Fax: (619) 767-2299

**EMPLOYEE RIGHTS**

**Employer Discrimination Unlawful -** The law prohibits discrimination by an employer against an employee for filing a complaint or for exercising any rights under Labor Code Section 6310 or 6311. An employee who believes that he/she has been discriminated against may file a complaint no later than six (6) months after the discrimination occurred with the Division of Labor Standards Enforcement.

**Employee Appeals -** An employee or authorized employee's representative may, within 15 working days of the issuance of a citation, special order, or order to take special action, appeal to the Occupational Safety and Health Appeals Board the reasonableness of the period of time fixed by the Division of Occupational Safety and Health (Division) for abatement. An employee appeal may be filed with the Appeals Board or with the Division. No particular format is necessary to initiate the appeal, but the notice of appeal <u>must</u> be in writing.

If an Employee Appeal is filed with the Division, the Division shall note on the face of the document the date of receipt, include any envelope or other proof of the date of mailing, and promptly transmit the document to the Appeals Board. The Division shall, no later than 10 working days from receipt of the Employee Appeal, file with the Appeals Board and serve on each party a clear and concise statement of the reasons why the abatement period prescribed by it is reasonable.

Employee Appeal Forms are available from the Appeals Board, or from a district office of the Division.

**Employees Participation in Informal Conference -** Affected employees or their representatives may notify the District Manager that they wish to attend the informal conference. If the employer objects, a separate informal conference will be held.

## DISABILITY ACCOMMODATION

Disability accommodation is available upon request. Any person with a disability requiring an accommodation, auxiliary aid or service, or a modification of policies or procedures to ensure effective communication and access to the programs of the Division of Occupational Safety and Health, should contact the Disability Accommodation Coordinator at the local district office or the Statewide Disability Accommodation Coordinator at 1-866-326-1616 (toll free). The Statewide Coordinator can also be reached through the California Relay Service, by dialing 711 or 1-800-735-2929 (TTY) or 1-800-855-3000 (TTY - Spanish).

Accommodations can include modifications of policies or procedures or provision of auxiliary aids or services. Accommodations include, but are not limited to, an Assistive Listening System (ALS), a Computer-Aided Transcription System or Communication Access Realtime Translation (CART), a sign-language interpreter, documents in Braille, large print or on computer disk, and audio cassette recording. Accommodation requests should be made as soon as possible. Requests for an ALS or CART should be made no later than five (5) days before the hearing or conference.

State of California
Department of Industrial Relations
Division of Occupational Safety and Health
San Diego District Office
7575 Metropolitan Drive, Suite 207
San Diego, CA 92108
Phone: (619) 767-2280   Fax: (619) 767-2299

| | |
|---|---|
| Inspection #: | 1507030 |
| Inspection Dates: | 12/17/2020 – 06/17/2021 |
| Issuance Date: | 06/17/2021 |
| CSHO ID: | F1671 |
| Optional Report #: | 1507030 |



## Citation and Notification of Penalty

| | |
|---|---|
| **Company Name:** | Basilico's Pasta e Vino and its successors |
| **Inspection Site:** | 21501 Brookhurst Street Huntington Beach, CA 92646 |

---

<u>Citation 1 Item 1</u>      Type of Violation: **Regulatory**

CALIFORNIA CODE OF REGULATIONS, TITLE 8, 14300.40(a). PROVIDING RECORDS TO GOVERNMENT REPRESENTATIVES.

(a) Basic requirement. When an authorized government representative asks for the records you keep under the provisions of this article, you must provide within four (4) business hours, access to the original recordkeeping documents requested as well as, if requested, one set of copies free of charge.

Alleged Violation Description:

**Prior to and during the course of the inspection, including but not limited to January 29, 2021, the Employer failed to provide OSHA 300 Logs and OSHA 300A summaries to the Division when requested.**

| | |
|---|---|
| **Date By Which Violation Must be Abated:** | **July 22, 2021** |
| **Proposed Penalty:** | **$300.00** |

**State of California**
Department of Industrial Relations
Division of Occupational Safety and Health
San Diego District Office
7575 Metropolitan Drive, Suite 207
San Diego, CA 92108
Phone: (619) 767-2280   Fax: (619) 767-2299

| | |
|---|---|
| **Inspection #:** | 1507030 |
| **Inspection Dates:** | 12/17/2020 – 06/17/2021 |
| **Issuance Date:** | 06/17/2021 |
| **CSHO ID:** | F1671 |
| **Optional Report #:** | 1507030 |



<u>Citation and Notification of Penalty</u>

**Company Name:**     Basilico's Pasta e Vino
                                    and its successors
**Inspection Site:**      21501 Brookhurst Street
                                    Huntington Beach, CA 92646

---

<u>Citation 1 Item 2</u>     Type of Violation: **General**

**CALIFORNIA CODE OF REGULATIONS, TITLE 8, 3203(a). INJURY AND ILLNESS PREVENTION PROGRAM.**

(a) Effective July 1, 1991, every employer shall establish, implement and maintain an effective Injury and Illness Prevention Program (Program). The Program shall be in writing and, shall, at a minimum:

(1) Identify the person or persons with authority and responsibility for implementing the Program.

(2) Include a system for ensuring that employees comply with safe and healthy work practices. Substantial compliance with this provision includes recognition of employees who follow safe and healthful work practices, training and retraining programs, disciplinary actions, or any other such means that ensures employee compliance with safe and healthful work practices.

(3) Include a system for communicating with employees in a form readily understandable by all affected employees on matters relating to occupational safety and health, including provisions designed to encourage employees to inform the employer of hazards at the worksite without fear of reprisal. Substantial compliance with this provision includes meetings, training programs, posting, written communications, a system of anonymous notification by employees about hazards, labor/management safety and health committees, or any other means that ensures communication with employees.

(4) Include procedures for identifying and evaluating work place hazards including scheduled periodic inspections to identify unsafe conditions and work practices. Inspections shall be made to identify and evaluate hazards:
(A) When the Program is first established;
(B) Whenever new substances, processes, procedures, or equipment are introduced to the workplace that represent a new occupational safety and health hazard; and
(C) Whenever the employer is made aware of a new or previously unrecognized hazard.

(5) Include a procedure to investigate occupational injury or occupational illness.

---

(6) Include methods and/or procedures for correcting unsafe or unhealthy conditions, work practices and work procedures in a timely manner based on the severity of the hazard:
(A) When observed or discovered; and,
(B) When an imminent hazard exists which cannot be immediately abated without endangering employee(s) and/or property, remove all exposed personnel from the area except those necessary to correct the existing condition. Employees necessary to correct the hazardous condition shall be provided the necessary safeguards.

(7) Provide training and instruction:
(A) When the program is first established;
(B) To all new employees;
(C) To all employees given new job assignments for which training has not previously been received;
(D) Whenever new substances, processes, procedures or equipment are introduced to the workplace and represent a new hazard;
(E) Whenever the employer is made aware of a new or previously unrecognized hazard; and,
(F) For supervisors to familiarize themselves with the safety and health hazards to which employees under their immediate direction and control may be exposed.

(8) Allow employee access to the Program.
(A) As used in this subsection:
1. The term "access" means the right and opportunity to examine and receive a copy.
2. The term "designated representative" means any individual or organization to whom an employee gives written authorization to exercise a right of access. A recognized or certified collective bargaining agent shall be treated automatically as a designated representative for the purpose of access to the Program.
3. The term "written authorization" means a request provided to the employer containing the following information:
a. The name and signature of the employee authorizing a designated representative to access the Program on the employee's behalf;
b. The date of the request;
c. The name of the designated representative (individual or organization) authorized to receive the Program on the employee's behalf; and
d. The date upon which the written authorization will expire (if less than one (1) year).
(B) The employer shall provide access to the Program by doing one of the following:
1. Provide access in a reasonable time, place, and manner, but in no event later than five (5) business days after the request for access is received from an employee or designated representative.
a. Whenever an employee or designated representative requests a copy of the Program, the employer shall provide the requester a printed copy of the Program, unless the employee or designated representative agrees to receive an electronic copy of the Program.
b. One printed copy of the Program shall be provided free of charge. If the employee or designated representative requests additional copies of the Program within one (1) year of the previous request and the Program has not been updated with new information since the prior copy was provided, the employer may charge reasonable, non-discriminatory reproduction costs (per Section 3204(e)(1)(E)) for the additional copies. or,
2. Provide unobstructed access through a company server or website, which allows an employee to review, print, and email the current version of the Program. Unobstructed access means that the employee, as part of his or her regular work duties, predictably and routinely uses the electronic means to communicate with management or coworkers.
(C) The Program provided to the employee or designated representative need not include any of the records of the steps taken to implement and maintain the written Program.

(D) If an employer has distinctly different and separate operations with distinctly separate and different Programs, the employer may limit access to the Program (or Programs) applicable to the employee requesting it.

(E) The employer shall communicate the right and procedure to access the Program to all employees.

(F) Nothing in this section is intended to preclude employees and collective bargaining agents from collectively bargaining to obtain access to information in addition to that available under this section.

Alleged Violation Description:

**Prior to and during the course of the inspection, the employer failed to establish and implement a written Injury and Illness Prevention Program.**

**Date By Which Violation Must be Abated:**                                    July 22, 2021
**Proposed Penalty:**                                                            $560.00

**State of California**
Department of Industrial Relations
Division of Occupational Safety and Health
San Diego District Office
7575 Metropolitan Drive, Suite 207
San Diego, CA 92108
Phone: (619) 767-2280  Fax: (619) 767-2299

| | |
|---|---|
| **Inspection #:** | 1507030 |
| **Inspection Dates:** | 12/17/2020 – 06/17/2021 |
| **Issuance Date:** | 06/17/2021 |
| **CSHO ID:** | F1671 |
| **Optional Report #:** | 1507030 |



<u>Citation and Notification of Penalty</u>

**Company Name:**  Basilico's Pasta e Vino
and its successors
**Inspection Site:**  21501 Brookhurst Street
Huntington Beach, CA 92646

---

<u>Citation 2 Item 1</u>    Type of Violation: **Serious**

**CALIFORNIA CODE OF REGULATIONS, TITLE 8, 3205(c). COVID-19 PREVENTION**

(c) Written COVID-19 Prevention Program. Employers shall establish, implement, and maintain an effective, written COVID-19 Prevention Program, which may be integrated into the employer's Injury and Illness Program required by section 3203, or be maintained in a separate document.

Alleged Violation Description:

**Prior to and during the course of the inspection, the employer failed to establish, implement and maintain a written COVID-19 Prevention Program.**

**Date By Which Violation Must be Abated:**                                              **July 01, 2021**
**Proposed Penalty:**                                                                              **$12600.00**

---

14

**State of California**
Department of Industrial Relations
Division of Occupational Safety and Health
San Diego District Office
7575 Metropolitan Drive, Suite 207
San Diego, CA  92108
Phone: (619) 767-2280  Fax: (619) 767-2299

| | |
|---|---|
| **Inspection #:** | 1507030 |
| **Inspection Dates:** | 12/17/2020 – 06/17/2021 |
| **Issuance Date:** | 06/17/2021 |
| **CSHO ID:** | F1671 |
| **Optional Report #:** | 1507030 |



<u>**Citation and Notification of Penalty**</u>

**Company Name:**   Basilico's Pasta e Vino
and its successors
**Inspection Site:**   21501 Brookhurst Street
Huntington Beach, CA  92646

---

<u>**Citation 3 Item 1**</u>      Type of Violation: **Serious**

**CALIFORNIA CODE OF REGULATIONS, TITLE 8, 3205(c)(5). COVID-19 PREVENTION.**

(c) Written COVID-19 Prevention Program. Employers shall establish, implement, and maintain an effective, written COVID-19 Prevention Program, which may be integrated into the employer's Injury and Illness Program required by section 3203, or be maintained in a separate document. The written elements of a COVID-19 Prevention Program shall include:

(5) Training and instruction. The employer shall provide effective training and instruction to employees that includes the following:
(A) The employer's COVID-19 policies and procedures to protect employees from COVID-19 hazards.

(B) Information regarding COVID-19-related benefits to which the employee may be entitled under applicable federal, state, or local laws. This includes any benefits available under workers' compensation law, the federal Families First Coronavirus Response Act, Labor Code sections 248.1 and 248.5, Labor Code sections 3212.86 through 3212.88, local governmental requirements, the employer's own leave policies, and leave guaranteed by contract.
(C) The fact that COVID-19 is an infectious disease that can be spread through the air when an infectious person talks or vocalizes, sneezes, coughs, or exhales; that COVID-19 may be transmitted when a person touches a contaminated object and then touches their eyes, nose, or mouth, although that is less common; and that an infectious person may have no symptoms.
(D) Methods of physical distancing of at least six feet and the importance of combining physical distancing with the wearing of face coverings.
(E) The fact that particles containing the virus can travel more than six feet, especially indoors, so physical distancing must be combined with other controls, including face coverings and hand hygiene, to be effective.
(F) The importance of frequent hand washing with soap and water for at least 20 seconds and using hand sanitizer when employees do not have immediate access to a sink or hand washing facility, and that hand sanitizer does not work if the hands are soiled.
(G) Proper use of face coverings and the fact that face coverings are not respiratory protective equipment.

---

(H) COVID-19 symptoms, and the importance of not coming to work and obtaining a COVID-19 test if the employee has COVID-19 symptoms.
Alleged Violation Description:

**Prior to and during the course of the inspection, including but not limited to December 17, 2020, the employer failed to provide COVID-19 related safety training and instruction as required by subsection (A) through (H) to employees.**

**Date By Which Violation Must be Abated:**                                    July 01, 2021
**Proposed Penalty:**                                                         $12600.00

State of California
Department of Industrial Relations
Division of Occupational Safety and Health
San Diego District Office
7575 Metropolitan Drive, Suite 207
San Diego, CA  92108
Phone: (619) 767-2280   Fax: (619) 767-2299

Inspection #:          1507030
Inspection Dates:      12/17/2020 – 06/17/2021
Issuance Date:         06/17/2021
CSHO ID:               F1671
Optional Report #:     1507030



**Citation and Notification of Penalty**

**Company Name:**   Basilico's Pasta e Vino
                    and its successors
**Inspection Site:**  21501 Brookhurst Street
                    Huntington Beach, CA  92646

---

**Citation 4 Item 1**    Type of Violation: **Willful-Serious**

**CALIFORNIA CODE OF REGULATIONS, TITLE 8, 3205(c). COVID-19 Prevention.**

(c) Written COVID-19 Prevention Program. Employers shall establish, implement, and maintain an effective, written COVID-19 Prevention Program, which may be integrated into the employer's Injury and Illness Program required by section 3203, or be maintained in a separate document. The written elements of a COVID-19 Prevention Program shall include:
(6) Physical distancing.

(A) All employees shall be separated from other persons by at least six feet, except where an employer can demonstrate that six feet of separation is not possible, and except for momentary exposure while persons are in movement. Methods of physical distancing include: telework or other remote work arrangements; reducing the number of persons in an area at one time, including visitors; visual cues such as signs and floor markings to indicate where employees and others should be located or their direction and path of travel; staggered arrival, departure, work, and break times; and adjusted work processes or procedures, such as reducing production speed, to allow greater distance between employees.

Alleged Violation Description:

**Prior to and during the course of the inspection, including, but not limited to, on December 17, 2020, January 18, 2021, and April 6, 2021, the employer failed to ensure that employees were separated from other persons by at least six feet throughout the restaurant, including, but not limited to the following locations:**

**Location 1: the indoor dining area,**
**Location 2: the outdoor dining area,**
**Location 3: the bar, and**
**Location 4: the kitchen.**

**Or in the alternative:**

(8) Other engineering controls, administrative controls, and personal protective equipment.

(A) At fixed work locations where it is no possible to maintain the physical distancing requirement at all times, the employer shall install cleanable solid partitions that effectively reduce aerosol transmission between the employee and other persons.

Alleged Violation Description:

**Prior to and during the course of the inspection, including, but not limited to, on December 17, 2020, January 18, 2021, and April 6, 2021, the employer failed to have installed cleanable solid partitions to effectively reduce aerosol transmission between employees and other persons throughout the restaurant, including but not limited to the following locations:**

**Location 1: the indoor dining area,**
**Location 2: the outdoor dining area,**
**Location 3: the bar, and**
**Location 4: the kitchen.**

Date By Which Violation Must be **Abated:**                                                    July 01, 2021
**Proposed Penalty:**                                                                           $63000.00

**State of California**
Department of Industrial Relations
Division of Occupational Safety and Health
San Diego District Office
7575 Metropolitan Drive, Suite 207
San Diego, CA 92108
Phone: (619) 767-2280  Fax: (619) 767-2299

**Inspection #:** 1507030
**Inspection Dates:** 12/17/2020 – 06/17/2021
**Issuance Date:** 06/17/2021
**CSHO ID:** F1671
**Optional Report #:** 1507030



### Citation and Notification of Penalty

**Company Name:** Basilico's Pasta e Vino
and its successors
**Inspection Site:** 21501 Brookhurst Street
Huntington Beach, CA 92646

---

### Citation 5 Item 1    Type of Violation: **Willful-Serious**

**CALIFORNIA CODE OF REGULATIONS, TITLE 8, 3205(c). COVID-19 Prevention.**

(c) Written COVID-19 Prevention Program. Employers shall establish, implement, and maintain an effective, written COVID-19 Prevention Program, which may be integrated into the employer's Injury and Illness Program required by section 3203, or be maintained in a separate document. The written elements of a COVID-19 Prevention Program shall include:
(7) Face coverings.
(A) Employers shall provide face coverings and ensure they are worn by employees over the nose and mouth when indoors, when outdoors and less than six feet away from another person, and where required by orders from the CDPH or local health department. Employers shall ensure face coverings are clean and undamaged. Face shields are not a replacement for face coverings, although they may be worn together for additional protection. The following are exceptions to the face coverings requirement:
1. When an employee is alone in a room.
2. While eating and drinking at the workplace, provided employees are at least six feet apart and outside air supply to the area, if indoors, has been maximized to the extent possible.
3. Employees wearing respiratory protection in accordance with section 5144 or other title 8 safety orders.
4. Employees who cannot wear face coverings due to a medical or mental health condition or disability, or who are hearing-impaired or communicating with a hearing-impaired person.
5. Specific tasks which cannot feasibly be performed with a face covering. This exception is limited to the time period in which such tasks are actually being performed, and the unmasked employee shall be at least six feet away from all other persons unless unmasked employees are tested at least twice weekly for COVID-19.
NOTE: CDPH has issued guidance for employers that identifies examples when wearing a face covering is likely not feasible.

---

Alleged Violation Description:

Prior to and during the course of the inspection, including but not limited to December 17, 2020, January 18, 2021 and April 6, 2021 the employer failed to provide face coverings and ensure they were worn by employees when:

1. Employees were indoors at the indoor dining area, bar, and kitchen, and
2. Employees were outdoors at the outdoor dining area and were less than six feet away from another person.

Date By Which Violation Must be Abated:                                    July 01, 2021
Proposed Penalty:                                                          $63000.00

Tim Decker                    Christine Hoffman
Compliance Officer / Region III Senior



**State of California**
**Department of Industrial Relations**
**Division of Occupational Safety and Health**
**San Diego District Office**
7575 Metropolitan Drive, Suite 207
San Diego, CA  92108
Phone: (619) 767-2280  Fax: (619) 767-2299

---

## NOTICE OF PROPOSED PENALTIES

---

**Company Name:**   Basilico's Pasta e Vino
                    and its successors
**Inspection Site:**  21501 Brookhurst Street, Huntington Beach, CA  92646
**Mailing Address:**  21501 Brookhurst Street, Huntington Beach, CA  92646
**Issuance Date:**    06/17/2021
**Reporting ID:**     0950632
**CSHO ID:**          F1671

### Summary of Penalties for Inspection Number 1507030

| | |
|---|---:|
| Citation 1 Item 1, Regulatory | $300.00 |
| Citation 1 Item 2, General | $560.00 |
| Citation 2 Item 1, Serious | $12600.00 |
| Citation 3 Item 1, Serious | $12600.00 |
| Citation 4 Item 1, Willful-Serious | $63000.00 |
| Citation 5 Item 1, Willful-Serious | $63000.00 |
| **TOTAL PROPOSED PENALTIES:** | **$152060.00** |

Penalties are due within 15 working days of receipt of this notification unless contested.  If you are appealing any item of this citation, remittance is still due on all items that are not appealed.  Enclosed for your use is a Penalty Remittance Form.

If you are paying electronically:  Please have this form on-hand when you are ready to make your payment.  The company name, reporting ID and Citation number(s) will be required to ensure that the payment is accurately posted to your account.  Please go to: **www.dir.ca.gov/dosh/CalOSHA_PaymentOption.html** to access the secure payment processing site. **Additionally, you must also mail the Penalty Remittance Form to the address below.**

If you are paying by check:  Mail this Notice of Proposed Penalties, the Penalty Remittance Form, along with a copy of the Citation and Notification of Penalty to:

**DEPARTMENT OF INDUSTRIAL RELATIONS**
**CAL/OSHA PENALTIES**
**P. O. BOX 516547**
**LOS ANGELES, CA 90051-0595**

Cal/OSHA does not agree to any restrictions, conditions or endorsements put on any check or money order for less than the full amount due, and will cash the check or money order as if these restrictions, conditions or endorsements do not exist.

---

21

**DEPARTMENT OF INDUSTRIAL RELATIONS**
**DIVISION OF OCCUPATIONAL SAFETY AND HEALTH – CAL/OSHA**
**Accounting Office - Cashiering Unit**
Phone (415) 703-4310 or (415) 703-4308

## PENALTY REMITTANCE FORM

| CIVIL PENALTY INFO | INSPECTION NO.: | 1507030 | | REPORTING ID: | 0950632 |
|---|---|---|---|---|---|
| COMPANY NAME: | Basilico's Pasta e Vino | | | FEIN/SEIN: | |
| ESTABLISHMENT DBA: | | | | | |
| CONTACT PERSON: | Tony Roman | | | | |
| PHONE NO.: | (714) 963-7980 | | | FAX NO.: | |
| SITE ADDRESS: | 21501 Brookhurst Street, Huntington Beach, CA 92646 | | | | |
| MAILING ADDRESS: | 21501 Brookhurst Street, Huntington Beach, CA 92646 | | | | |

**CITATION INFORMATION:**

Penalties are due within 15 working days of receipt of this notification unless contested. If you are appealing any item of this Citation, remittance is still due on all items that are not appealed.

**PAYMENT INSTRUCTIONS:**

For check or money order: please make check or money order payable to Department of Industrial Relations. Write the inspection number and total amount enclosed on the payment coupon below and on the check or money order.

For credit card or EFT payment, go to: www.dir.ca.gov/dosh/CalOSHA_PaymentOption.html

---

----- Detach here and return bottom portion with <u>check</u> or <u>money order</u> payment -----

## PAYMENT COUPON



Inspection No.: <u>1507030</u>

Amount Enclosed: $ _____

**Mail payment to:**

For credit card or EFT payment, go to:
www.dir.ca.gov/dosh/CalOSHA_Payment
Option.html

DEPARTMENT OF INDUSTRIAL
RELATIONS
CAL/OSHA PENALTIES
P.O. BOX 516547
LOS ANGELES, CA 90051-0595

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Basilico's Pasta e Vino**
**and its successors**
**Attn: Tony Roman**
**3857 Birch Street**
**Newport Beach, CA 92660**

9590 9402 3667 7335 4226 04

2. Article Number (Transfer from service label)

7019 0140 0000 7355 5531

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Mail
Mail Restricted Delivery (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**Basilico's Pasta e Vino**
**and its successors**
**Attn: Tony Roman**
**3857 Birch Street**
**Newport Beach, CA 92660**

9590 9402 3667 7335 4226 04

2. Article Number (Transfer from service label)

7019 0140 0000 7355 5531

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

6-22-21

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

JUN 22 2021

NEWPORT BE
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
Mail
Mail Restricted Delivery (over $500)

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Rec

**23**

State of California
Department of Industrial Relations
Division of Occupational Safety and Health
7575 Metropolitan Drive, Suite 207
San Diego, CA 92108-4424



7019 0140 0000 7355 5548

U.S. POSTAGE PITNEY BOWES
ZIP 92108    $ 008.25⁰
02 1W
0001395142 JUN 17 2021

**Basilico's Pasta e Vino
and its successors
21501 Brookkhurst Street
Huntington Beach, CA 92646**

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7019 0140 0000 7355 5548

**24**

## CERTIFICATION OF SERVICE BY MAIL
## (C.C.P. 1013a)  or   CERTIFIED MAIL

I _____*Tommile Lw*_____ , do hereby certify that I am  a
resident of or employed in the county of _____SAN FRANCISCO_____ ,
over 18 years of age, not a party to the within action, and that I am employed at
and my business address is:

> State of California
> Department of Industrial Relations
> 455 Golden Gate Avenue, 10th Floor
> San Francisco, CA 94102

On _____*5/23/2023*_____ , I served the within

### JUDGMENT AND LETTER OF PAYMENT DUE

By placing a true copy thereof in an envelope addressed as follows:

> BASILICO'S PASTA E VINO
> AND IT'S SUCCESSORS
> 21501 Brookhurst Street
> HUNTINGTON BEACH, CA  92646

and then sealing the envelope and,  with postage and ceritified mail fees (if applicable) thereon fully
prepaid, depositing it in the United States mail in this city by **postage paid first class mail.**

*I certify under penalty of perjury that the foregoing is true and correct.*

Executed on _____*5/23/2023*_____ , at _____SAN FRANCISCO_____ , California.

State Case No.   32-1507030

**25**

# Exhibit B



NEW DEVELOPMENT: OSHA TRYING TO EXTORT TONY ROMAN & 'BASILICO'S PASTA E VINO' ?

Basilico's Pasta e Vino Entertainment
896 subscribers

489 views  Jul 8, 2021   #Basilico  #BasilicosHonorsTheFounders  #BasilicosNeverComplied
WE JUST DISCOVERED THAT ON JUNE 17, 2021, OSHA PROPOSED MASSIVE FINES.
SEE THE STORY & TONY'S RESPONSE HERE.

1



**NEW DEVELOPMENT: OSHA TRYING TO EXTORT TONY ROMAN & 'BASILICO'S PASTA E VINO' ?**

Basilico's Pasta e Vino Entertainment
896 subscribers

Subscribe

👍 55   👎   ↪ Share   ⬇ Download   ✂ Clip   •••

489 views  Jul 8, 2021   #Basilico #BasilicosHonorsTheFounders #BasilicosNeverComplied
WE JUST DISCOVERED THAT ON JUNE 17, 2021, OSHA PROPOSED MASSIVE FINES.
SEE THE STORY & TONY'S RESPONSE HERE.



**NEW DEVELOPMENT: OSHA TRYING TO EXTORT TONY ROMAN & 'BASILICO'S PASTA E VINO' ?**

Basilico's Pasta e Vino Entertainment
896 subscribers          Subscribe

👍 55    👎    ↪ Share    ⬇ Download    ✂ Clip    ···

489 views  Jul 8, 2021   #Basilico #BasilicosHonorsTheFounders #BasilicosNeverComplied
WE JUST DISCOVERED THAT ON JUNE 17, 2021, OSHA PROPOSED MASSIVE FINES.
SEE THE STORY & TONY'S RESPONSE HERE.

3





**NEW DEVELOPMENT: OSHA TRYING TO EXTORT TONY ROMAN & 'BASILICO'S PASTA E VINO' ?**

Basilico's Pasta e Vino Entertainment    Subscribe
896 subscribers

👍 55    👎    ↗ Share    ⬇ Download    ✂ Clip    ⋯



489 views · Jul 8, 2021   #Basilico #BasilicosHonorsTheFounders #BasilicosNeverComplied
WE JUST DISCOVERED THAT ON JUNE 17, 2021, OSHA PROPOSED MASSIVE FINES.
SEE THE STORY & TONY'S RESPONSE HERE.

Audio: "You can have my answer now if you'd like.  My offer is this: nothing."

5

# Exhibit C



# *STORY OF OUR FIGHT*

### EVENTS OF OUR FIGHT IN ORDER
### FROM MARCH 19, 2020 TO PRESENT:

'The tiny tyrant' in Sacramento 'gavin pelosi' orders the nation's first statewide lockdown on March 19, 2020. The same day, we dedicated our business as a 'Constitutional Battleground', pledging to put everything at risk, laying it all on the line in defense of American Liberty and Freedom.
We promised to not only defy, but to aggressively attack lockdown tyranny and we did so with no lawyers.
We remained open and operated fully and boldly from day one, with zero restrictions inside and out.

At the beginning of our fight, we flew our 'Don't Tread on Me, Live Free of Die' flag to signal to the community that we were taking our stand.

After launching our fight openly, multiple law enforcement visits followed.

When a mask mandate was ordered, we responded by banning them on the property. No masks allowed, because we view them as the symbol of the lockdowns and their greatest weapon. In our view,  the mask represents fear, control and surrender.

After our ban on masks when our stand against the lockdowns became publicized in the press and online, and since then,  we have received non-stop haras
including  threats to spread viruses inside, burn our restaurant to the gr

and repeated death threats against Tony. The haters have also attempted to destroy our online reputation with one star negative reviews.    Hollywood celebrities also attempted to launch boycotts.

When the cowardly enemies attacked, we dug in further.  It strengthened our resolve. For us it is a 'Badge of  Honor'. When they try and hit and run, we punch back harder.

In response to the initial hate, we recorded our now popular 'Cousin Guido' phone greeting, still heard today when calling us, to mock, taunt, shame and dare the enemies.  LISTEN TO IT HERE

Realizing that so much of the hate was coming from those in Los Angeles, we invaded enemy territory by erecting a huge 48 ft. billboard near Beverly Hills, directly across from the Beverly Center,  hitting back with our 'Leave the Mask, Take the Cannoli' message. It was our take on the famous quote from "The Godfather' movie, 'Leave the Gun, Take the Cannoli'.

We print and begin selling shirts bearing the 'Leave the Mask, Take the Cannoli' design, donating profits to Veterans Charity 'Patriots and Paws'.

'Paramount Pictures' attempts to bully us, threatening litigation over our billboard, inaccurately claiming infringement.

We file for trademark for our 'Leave the Mask, Leave the Cannoli' slogan, and ignore Paramount's threats. We will not tolerate agents of the mini dictators, those who look to trample on the First Amendment.

Agents of 'gavin pelosi's' strike team, the ABC ( Ca - Alcohol Beverage Control) conducted an undercover investigation, and after opening a criminal case against us,
they threatened to arrest, shut down, fine
and revoke our hard earned and valuable liquor license.

Because we refuse to grant anyone authority over us where they have r
related to the Anti-American lockdowns and mandates, we will not acknowl ge

the 'little wannabe dictators' and their 'mini gestapo', their threats to control and force surrender.  So we ignored their efforts, and openly taunted and dared the ABC and 'gavin pelosi'. We dared him and his 'strike teams' to officially file criminal charges.

And when our first court date arrived, we only appeared  to confirm our suspicions.
We knew it was a 'kangaroo court' run by loyal 'gavin pelosi' cronies, and we were right. When they ordered Tony to wear a mask into the building and courtroom, he refused and challenged them by giving them an ultimatum. To either let him in, or  hold the hearing in the parking lot.  He had a right to face his accusers.

The judge had a hot potato on her hand, and handed the issue off to the building's landlord.  When Tony held his ground. The judge and landlord then caved, and in Tony went, past the two big masked up security guards, into the elevator, up to the courtroom, where he walked in as the only person unmasked.
The judge, prosecutors, government witnesses, and court reporter were as expected all masked up.  When the first day of testimony ended, Tony pledged to never appear again. He had proved his point.  He would never go on bended knee to defend himself for something that needs no defense. He would not give them authority in any matter related to lockdowns and mandates

So when the date came to continue the hearing, Tony rejected the opportunity to defend himself.  After the scheduled hearing which he did not attend, he instead sent a video shaming the judge, prosecutors and agents of the ABC.

ABC agents conducted follow up undercover investigations, this time with law enforcement assistance, and charged us with additional multiple violations, again threatening the same consequences, so again came more court dates.

Again we responded by rejecting and refusing to appear at any court dates. Tony also fired off another video challenging the ABC court, but this time he also addressed 'gavin pelosi' directly, mocking and shaming him.

gavin pelosi ordered a curfew. we respond by publicly extending our eve operating hours for the first time in 21 years.

OSHA agents visited our business to conduct an inspection
related to lockdown "mandate violations". We denied them entry. They in
response threatened to return with the police and a search warrant.

They as promised, returned several weeks later with the police and a search
warrant.
we again turned them away, denying entry.  They have since  fined us
$152,060.00 by OSHA. They too offered us an opportunity to defend ourselves in
hearings, to make changes to our operations, in order to come into compliance
with lockdown related
mandates, and to negotiate away the fines. We have ignored all correspondence,
because we will not acknowledge any agency or agents of the 'mini dictators'
enforcing these mandates. We will give them no authority over us in these
ridiculous and tyrannical matters.

Our landlord who apparently disagrees with our stand for Liberty and Freedom,
attempts to evict us, not once but twice.

Impending 'proof of vaccine' mandates in California are proposed.
We responded by hitting back with another public message of defiance, our 'Proof
of Being Unvaccinated to Enter' policy.

The media   and the haters again went on the attack, including
CNN's 'Little Chris Cuomo'.   He was apparently not smart enough to get the point
of the policy.   SEE IT HERE

We also responded by selling shirts bearing our new slogan design, 'Leave the
Vax, Take the Cannoli', again donating all profits to Veterans charity, 'Patriots and
Paws'.

'Paramount Pictures' again warned us to cease and desist from using
our 'Godfather' inspired anti-mandate / anti- tyranny / Pro-Freedom messages.

Our response?

Stay tuned for what's next ...

FIND OUT MORE

  

INFO@THECONSTITUTIONALBATTLEGROUND.COM

COPYRIGHT © 2020 THE CONSTITUTIONAL BATTLEGROUND - ALL RIGHTS RESERVED.

POWERED BY GODADDY WEBSITE BUILDER



# Exhibit D

https://theconstitutionalbattleground.com/story-of-our-fight    Go

9 captures
27 Nov 2021 - 16 Mar 2025

OCT  **NOV**  JAN
◀  **27**  ▶
2020  **2021**  **2024**

About this capture

# *STORY OF OUR FIGHT*

### EVENTS OF OUR FIGHT IN ORDER
### FROM MARCH 19, 2020 TO PRESENT:

'The tiny tyrant' in Sacramento 'gavin pelosi' orders the nation's first statewide lockdown on March 19, 2020. The same day, we dedicated our business as a 'Constitutional Battleground', pledging to put everything at risk, laying it all on the line in defense of American Liberty and Freedom.
We promised to not only defy, but to aggressively attack lockdown tyranny and we did so with no lawyers.
We remained open and operated fully and boldly from day one, with zero restrictions inside and out.

At the beginning of our fight, we flew our 'Don't Tread on Me, Live Free of Die' flag to signal to the community that we were taking our stand.

After launching our fight openly, multiple law enforcement visits followed.

When a mask mandate was ordered, we responded by banning them on the property. No masks allowed, because we view them as the symbol of the lockdowns and their greatest weapon. In our view,  the mask represents fear, control and surrender.

After our ban on masks when our stand against the lockdowns became pu̶b̶l̶i̶c̶
in the press and online, and since then,  we have received non-stop harassment,

9 captures
27 Nov 2021 - 16 Mar 2025



OCT  **NOV**  **JAN**
◀  **27**  ▶
2020  **2021**  **2024**  ⏷ About this capture

destroy our online reputation with one star negative reviews.  Hollywood
celebrities also attempted to launch boycotts.

When the cowardly enemies attacked, we dug in further.  It strengthened our
resolve. For us it is a 'Badge of  Honor'. When they try and hit and run, we punch
back harder.

In response to the initial hate, we recorded our now popular 'Cousin Guido' phone
greeting, still heard today when calling us, to mock, taunt, shame and dare the
enemies.  LISTEN TO IT HERE

Realizing that so much of the hate was coming from those in Los Angeles,
we invaded enemy territory by erecting a huge 48 ft. billboard near
Beverly Hills, directly across from the Beverly Center,   hitting back with our 'Leave
the Mask, Take the Cannoli' message. It was our take on the famous quote from
"The Godfather" movie, 'Leave the Gun, Take the Cannoli'.

We print and begin selling shirts bearing the 'Leave the Mask, Take the Cannoli'
design, donating profits to Veterans Charity 'Patriots and Paws'.

'Paramount Pictures' attempts to bully us, threatening litigation over our
billboard, inaccurately claiming infringement.

We file for trademark for our 'Leave the Mask, Leave the Cannoli' slogan, and
ignore Paramount's threats. We will not tolerate agents of the mini dictators,
those who look to trample on the First Amendment.

Agents of 'gavin pelosi's' strike team, the ABC ( Ca - Alcohol Beverage Control)
conducted an undercover investigation, and after opening a criminal case against
us,
they threatened to arrest, shut down, fine
and revoke our hard earned and valuable liquor license.



9 captures
27 Nov 2021 - 16 Mar 2025

OCT   NOV   JAN
◀  27  ▶
2020  2021  2024
About this capture

the 'little wannabe dictators' and their 'mini gestapo', their threats to control and force surrender.  So we ignored their efforts, and openly taunted and dared the ABC and 'gavin pelosi'. We dared him and his 'strike teams' to officially file criminal charges.

And when our first court date arrived, we only appeared  to confirm our suspicions.
We knew it was a 'kangaroo court' run by loyal 'gavin pelosi' cronies, and we were right. When they ordered Tony to wear a mask into the building and courtroom, he refused and challenged them by giving them an ultimatum. To either let him in, or  hold the hearing in the parking lot.  He had a right to face his accusers.

The judge had a hot potato on her hand, and handed the issue off to the building's landlord.  When Tony held his ground. The judge and landlord then caved, and in Tony went, past the two big masked up security guards, into the elevator, up to the courtroom, where he walked in as the only person unmasked.
The judge, prosecutors, government witnesses, and court reporter were as expected all masked up.  When the first day of testimony ended, Tony pledged to never appear again. He had proved his point.   He would never go on bended knee to defend himself for something that needs no defense. He would not give them authority in any matter related to lockdowns and mandates

So when the date came to continue the hearing, Tony rejected the opportunity to defend himself.  After the scheduled hearing which he did not attend, he instead sent a video shaming the judge, prosecutors and agents of the ABC.

ABC agents conducted follow up undercover investigations, this time with law enforcement assistance, and charged us with additional multiple violations, again threatening the same consequences, so again came more court dates.

Again we responded by rejecting and refusing to appear at any court dates. Tony also fired off another video challenging the ABC court, but this time he also addressed 'gavin pelosi' directly, mocking and shaming him.

9 captures
27 Nov 2021 - 16 Mar 2025

OCT  NOV  JAN
◀  27  ▶
2020  2021  2024  ▼ About this capture

OSHA agents visited our business to conduct an inspection
related to lockdown "mandate violations". We denied them entry. They in
response threatened to return with the police and a search warrant.

They as promised, returned several weeks later with the police and a search
warrant.
we again turned them away, denying entry.   They have since   fined us
$152,060.00 by OSHA. They too offered us an opportunity to defend ourselves in
hearings, to make changes to our operations, in order to come into compliance
with lockdown related
mandates, and to negotiate away the fines. We have ignored all correspondence,
because we will not acknowledge any agency or agents of the 'mini dictators'
enforcing these mandates. We will give them no authority over us in these
ridiculous and tyrannical matters.

Our landlord who apparently disagrees with our stand for Liberty and Freedom,
attempts to evict us, not once but twice.

Impending 'proof of vaccine' mandates in California are proposed.
We responded by hitting back with another public message of defiance, our 'Proof
of Being Unvaccinated to Enter' policy.

The media  and the haters again went on the attack, including
CNN's 'Little Chris Cuomo'.   He was apparently not smart enough to get the point
of the policy.   SEE IT HERE

We also responded by selling shirts bearing our new slogan design, 'Leave the
Vax, Take the Cannoli', again donating all profits to Veterans charity, 'Patriots and
Paws'.

'Paramount Pictures' again warned us to cease and desist from using
our 'Godfather' inspired anti-mandate / anti- tyranny / Pro-Freedom mes

9 captures
27 Nov 2021 - 16 Mar 2025

OCT   NOV   JAN
◄     27    ►
2020  2021  2024

About this capture

Stay tuned for what's next ...

FIND OUT MORE

  

INFO@THECONSTITUTIONALBATTLEGROUND.COM

COPYRIGHT © 2020 THE CONSTITUTIONAL BATTLEGROUND - ALL RIGHTS RESERVED.

————

POWERED BY GODADDY WEBSITE BUILDER

