ROB BONTA
Attorney General of California
ANNA FERRARI (SBN #261579)
Supervising Deputy Attorney General
LIAM E. O'CONNOR (SBN #330050)
Deputy Attorney General
 455 Golden Gate Avenue, Suite 11000
 San Francisco, CA  94102-7004
 Telephone:  (415) 510-3915
 Fax:  (415) 703-5480
 E-mail:  Liam.OConnor@doj.ca.gov
*Attorneys for Defendants Governor Gavin Newsom,
Cal/OSHA Chief Debra Lee, and former Cal/OSHA
Chiefs Douglas Parker and Jeffrey Killip*

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TONY ROMAN, et al.,** | 2:25-cv-08531-HDV-Ex |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT** |
| **v.** | |
| **GAVIN NEWSOM, et al.,** | Date:          June 18, 2026 |
| Defendants. | Time:          10:00 a.m. |
| | Courtroom:  5B |
| | Judge:        Honorable Hernán D. Vera |
| | Action Filed: September 9, 2025 |

## NOTICE OF MOTION AND MOTION

**PLEASE TAKE NOTICE** that on June 18, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Hernán D. Vera in Courtroom 5B of the United States District Court for the Central District of California, located at 300 West 1st Street, Los Angeles, CA 90012-4565, Defendants Governor Gavin Newsom, Chief of the California Department of Industrial Relations, Division of Occupational Safety and Health (Cal/OSHA) Debra Lee, former Cal/OSHA Chief Douglas Parker, and former Cal/OSHA Chief Jeffrey Killip will and do move to dismiss Plaintiffs' Second Amended Complaint (SAC).

Defendants move to dismiss the SAC pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) on the grounds that (1) Plaintiffs' claims against Governor Newsom in his official capacity are barred by sovereign immunity; (2) Plaintiffs' claims against former Chiefs Parker and Killip in their official capacities fail because they no longer hold state office; (3) Plaintiffs' constitutional claims are barred by the governing statute of limitations; (4) Plaintiffs constitutional claims fail because Plaintiffs do not plausibly allege any violation of their constitutional rights; (5) Plaintiffs' claims against Defendants in their individual capacities are barred by qualified immunity; and (6) Plaintiffs' claims against Defendants in their individual capacities fail because Plaintiffs do not plausibly allege that any Defendant personally violated Plaintiffs' constitutional rights.

Defendants' Motion is based on this filing, the concurrently filed Memorandum of Points and Authorities, the previously filed Request for Judicial Notice (ECF No. 19), the papers and pleadings on file in this action, and such matters as may be presented to the Court at the time of the hearing.

Counsel for Plaintiffs and counsel for Defendants have participated in a video and telephone conference regarding this Motion pursuant to Local Rule 7-3, but

they were unable to resolve their differences.  However, Plaintiffs have agreed that the Court may consider the materials previously judicially noticed and deemed incorporated by reference.


Dated:  April 24, 2026                           Respectfully submitted,

                                                 ROB BONTA
                                                 Attorney General of California
                                                 ANNA FERRARI
                                                 Supervising Deputy Attorney General



                                                 /s/ *Liam E. O'Connor*

                                                 LIAM E. O'CONNOR
                                                 Deputy Attorney General
                                                 *Attorneys for Defendants*

# TABLE OF CONTENTS

**Page**

INTRODUCTION ...........................................................................................................1

BACKGROUND ............................................................................................................2

      I.     Plaintiffs Violate the ETS and Ignore the Citations and Penalties .......2

      II.    Plaintiffs Belatedly Sue, and the Court Dismisses Their Claims .........3

      III.   Plaintiffs Refile Their Same Deficient Claims .....................................4

LEGAL STANDARDS ..................................................................................................5

ARGUMENT..................................................................................................................5

      I.     Plaintiffs' Claims Against Governor Newsom and the Former
             Cal/OSHA Chiefs in Their Official Capacities are Barred by
             Sovereign Immunity...............................................................................6

      II.    Plaintiffs' Claims Remain Barred by the Statute of Limitations..........7

      III.   Plaintiffs Fail to Plausibly Allege Any Violation of Their Rights .......9

           A.     Plaintiffs Fail to Plausibly Allege a Due Process Violation.......9

           B.     Plaintiffs Fail to Plausibly Allege a First Amendment
                 Violation ...................................................................................10

           C.     Plaintiffs Fail to Plausibly Allege an Eighth Amendment
                 Violation ...................................................................................13

                 1.     Cal/OSHA Followed the Governing Regulations..........13

                 2.     The Penalties Were Not Constitutionally Excessive......13

      IV.   Plaintiffs' Claims Against the Individual Defendants Fail for
             Additional Reasons ..............................................................................16

           A.     Plaintiffs' Claims Are Barred by Qualified Immunity.............16

           B.     Plaintiffs Fail to Plausibly Allege that the Individual
                 Defendants Personally Violated Their Rights .........................19

      V.     Plaintiffs' SAC Should Be Dismissed Without Leave to Amend ......21

CONCLUSION.............................................................................................................22

i

# TABLE OF AUTHORITIES

**Page**

CASES

*Ashcroft v. al-Kidd*
563 U.S. 731 (2011) ..................................................................................... 16

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) ................................................................................ 19, 20

*Bird v. Dep't of Hum. Servs.*
935 F.3d 738 (9th Cir. 2019) .......................................................................... 9

*Carrizales v. City of Vallejo*
No. 2:25-cv-1243 AC, 2025 WL 2581582 (E.D. Cal. Sept. 25, 2025) ............................................................................................................ 11

*Ciria v. Rubino*
No. C 07-4770 MMC (PR), 2008 WL 4287558 (N.D. Cal. Sept. 17, 2008) .............................................................................................................. 7

*Coal. to Defend Affirmative Action v. Brown*
674 F.3d 1128 (9th Cir. 2012) ........................................................................ 6

*Crowley v. Bannister*
734 F.3d 967 (9th Cir. 2013) ........................................................................ 19

*Daniels Sharpsmart, Inc. v. Smith*
889 F.3d 608 (9th Cir. 2016) ........................................................................ 17

*DCD Partners, LLC. v. Transamerica Life Ins. Co.*
No. CV15-3238-CAS(VBKx), 2015 WL 12697657 (C.D. Cal. Dec. 23, 2015) ............................................................................................................ 5

*Espinosa v. United Student Aid Funds, Inc.*
553 F.3d 1193 (9th Cir. 2008) ................................................................ 10, 17

*Garaux v. Cate*
No. 1:10-cv-00146-SMS PC, 2010 WL 3397388 (E.D. Cal. Aug. 27, 2010) .......................................................................................................... 21

*Gonzalez v. Planned Parenthood of L.A.*
759 F.3d 1112 (9th Cir. 2014) ........................................................................ 5

ii

**TABLE OF AUTHORITIES**
**(continued)**

Page

*Hughes v. Rodriguez*
31 F.4th 1211 (9th Cir. 2022)................................................................17

*Jones v. Flowers*
547 U.S. 220 (2006) ..............................................................................9

*Khoja v. Orexigen Therapeutics, Inc.*
899 F.3d 988 (9th Cir. 2018)..................................................................5

*Knox v. Davis*
260 F.3d 1009 (9th Cir. 2001)........................................................7, 8, 9

*Lacambra v. City of Orange*
No. 8:18-cv-00960-RGK-KES, 2019 WL 2344139 (C.D. Cal. May
8, 2019)................................................................................................20

*Lehner v. United States*
685 F.2d 1187 (9th Cir. 1982)..........................................................10, 17

*Loos v. Immersion Corp.*
762 F.3d 880 (9th Cir. 2014)...............................................................21

*Mata v. Or. Health Auth.*
No. 6:13-cv-485-TC, 2014 WL 3871199 (D. Or. Aug. 6, 2014).......................21

*Miroth v. County of Trinity*
136 F.4th 1141 (9th Cir. 2025)............................................................20

*Mullenix v. Luna*
577 U.S. 7 (2015) (per curiam) ...........................................................17

*Nat'l Fed'n of Indep. Bus. v. OSHA*
595 U.S. 109 (2022) ..............................................................................4

*O'Brien v. Welty*
818 F.3d 920 (9th Cir. 2016).................................................................10

*Papasan v. Allain*
478 U.S. 265 (1986) ............................................................................19

# TABLE OF AUTHORITIES
## (continued)

Page

*People v. Calvary Chapel San Jose*
    No. H051860, 2025 WL 1110779 (Cal. Ct. App. Apr. 15, 2025)................ 15, 18

*Pimentel v. City of Los Angeles*
    974 F.3d 917 (9th Cir. 2020)....................................................... 14, 15

*Pimentel v. City of Los Angeles* (*Pimentel II*)
    115 F.4th 1062 (9th Cir. 2024)..................................................... 14, 16

*Poursina v. U.S.C.I.S.*
    936 F.3d 868 (9th Cir. 2019)........................................................ 9, 17

*Rounds v. Or. State Bd. of Higher Educ.*
    166 F.3d 1032 (9th Cir. 1999)............................................................ 7

*Thomas v. County of Humboldt*
    124 F.4th 1179 (9th Cir. 2024)............................................. 7, 8, 9, 14

*Tschida v. Motl*
    924 F.3d 1297 (9th Cir. 2019)......................................................... 18

*Tulsa Pro. Collection Servs., Inc. v. Pope*
    485 U.S. 478 (1988) ......................................................................... 9

*United States v. Bajakajian*
    524 U.S. 321 (1998) ................................................... 13, 14, 15, 19

*United States v. Rivera-Valdes*
    157 F.4th 978 (9th Cir. 2025)........................................................... 9

*United States v. Rundo*
    108 F.4th 792 (9th Cir. 2024).................................................... 11, 12

*Ventura29 LLC v. City of San Buenaventura*
    87 Cal. App. 5th 1028 (2023)......................................................... 16

*W. Growers Ass'n v. Occupational Safety and Health Standards Bd.*
    73 Cal. App. 5th 916 (2021)............................................................. 4

*Wayte v. United States*
    470 U.S. 598 (1985) ............................................................. 11, 12, 17

# TABLE OF AUTHORITIES
## (continued)

Page

*Wood v. Moss*
  572 U.S. 744 (2014) ................................................................................................ 16

*Ex parte Young*
  209 U.S. 123 (1908) ............................................................................................... 3, 6

**STATUTES**

United States Code 42
  § 1983 ...............................................................................................6, 8, 19, 21

California Code of Civil Procedure Code
  § 335.1 ..................................................................................................................... 7

California Code of Regulations Title 8
  § 334(b)................................................................................................................... 13
  § 334(c)(1) ............................................................................................................. 18
  § 334(e).................................................................................................................... 18
  § 336(b)................................................................................................................... 13
  § 336(c) .............................................................................................................. 13, 16
  § 336(e).................................................................................................................... 14
  § 336(h).................................................................................................................... 13
  §§ 359-61................................................................................................................ 16
  §§ 3205-3205.4 (2020) .......................................................................................... 2
  § 3205(a)(1) ............................................................................................................. 4

California Labor Code
  § 148 ...................................................................................................................... 16
  § 6317 .................................................................................................................... 13
  § 6319 .................................................................................................................... 16
  § 6600-02 .............................................................................................................. 16
  § 6601 .................................................................................................................... 16

**INTRODUCTION**

In November 2020, although the novel coronavirus continued to spread rapidly, most workplaces in California had resumed in-person operations. Accordingly, the California Department of Industrial Relations (DIR), Occupational Safety and Health Standards Board (Standards Board) adopted the COVID-19 Prevention Emergency Temporary Standards (ETS), which required employers to implement COVID-19 protocols, such as requiring workers to wear masks and to practice social distancing. Plaintiffs—a Huntington Beach restaurant, Basilico's Pasta e Vino, and its owner, Tony Roman—"openly defied" the ETS by publicly admitting that they had not implemented any COVID-19 protections and that they had "banned" masks from the restaurant altogether. After unsuccessfully seeking Plaintiffs' voluntary compliance with the ETS, the Division of Occupational Safety and Health (Cal/OSHA) issued citations and penalties against Basilico's in June 2021. Plaintiffs filed this suit more than four years later, complaining that the citations and penalties violated their constitutional rights.

In a 22-page order, the Court dismissed Plaintiffs' First Amended Complaint (FAC), explaining in painstaking detail that Plaintiffs' claims against Governor Newsom in his official capacity are barred by sovereign immunity and that all of Plaintiffs' constitutional claims are barred by the two-year statute of limitations. ECF No. 31 (Order) at 7-18. Although the Court granted leave to amend, it expressed "grave concerns about whether any of Plaintiffs' legal theories can be amended to overcome the statute of limitations defects." *Id.* at 22 n.10.

It is now clear that Plaintiffs' claims are fatally flawed. The Second Amended Complaint (SAC) includes *no* new factual allegations relevant to the sovereign immunity and timeliness defects identified in the Court's order, and Plaintiffs' claims suffer from a host of other fatal defects. The Court should therefore dismiss the SAC without leave to amend and enter judgment for Defendants.

1

**BACKGROUND**

**I.    PLAINTIFFS VIOLATE THE ETS AND IGNORE THE CITATIONS AND PENALTIES**

In November 2020, to protect workers in their workplaces at the height of the COVID-19 pandemic, the Standards Board adopted the ETS, which required employers such as Basilico's to establish, implement, and maintain a written COVID-19 Prevention Program that included policies and procedures to protect workers from COVID-19, such as requiring workers to wear masks and to practice social distancing.  *See* Cal. Code Regs. tit. 8, §§ 3205-3205.4 (2020).

Throughout the pandemic, Plaintiffs did not comply with—and publicly admitted that they would not comply with—any COVID-19 restrictions, including the ETS.  *See* SAC ¶¶ 40-44. In particular, they announced on TV, on podcasts, and on the internet that they had "banned" masks from the restaurant.  *Id.* ¶¶ 42, 96 & n.8, 97. When a Cal/OSHA inspector visited Basilico's and urged Roman to comply with the ETS, Roman still refused, confirming that he would not ask his workers to wear masks or implement any COVID-19 Prevention Program.  *OSHA Attempts to Serve Search Warrant on Tony Roman / 'Basilico's Pasta e Vino'* (Inspection Video), at 8:58-9:24, 12:22-40 (YouTube, Jan. 23, 2021), https://youtu.be/Ex67nengsJQ?si=X865ud7_kSolWAY9.

Accordingly, in June 2021, Cal/OSHA issued citations against Basilico's for violating the ETS and penalties totaling $152,060.  ECF No. 19 (RJN), Ex. A at 5-22.  At that time, Plaintiffs posted about the citations and penalties on their YouTube account and on their website, acknowledging their awareness of them and that they had received an opportunity to challenge them, but that they would instead do "nothing," RJN, Ex. B at 5, and had "ignored all correspondence," RJN, Ex. C at 4.

In May 2023, DIR obtained a state court judgment to collect the unpaid penalties.  RJN, Ex. A.  Pursuant to the judgment, DIR made collections totaling

2

$80,000 from Plaintiffs' bank account in August 2023 and on October 24, 2024. SAC at 3-4, ¶¶ 20, 35, 75, 81-83, 115, 130, 132, 136, 144.

## II.    PLAINTIFFS BELATEDLY SUE, AND THE COURT DISMISSES THEIR CLAIMS

After having slept on their rights for over four years, in September 2025 Plaintiffs filed this lawsuit against Cal/OSHA and Governor Newsom in his official capacity, claiming that the citations and penalties violated Plaintiffs' constitutional rights.  ECF No. 1.

Defendants moved to dismiss Plaintiffs' FAC without leave to amend on the grounds that Plaintiffs' claims were barred by sovereign immunity and the governing two-year statute of limitations.  ECF No. 18.  Plaintiffs subsequently filed a motion for leave to amend, lodging a proposed further amended complaint that attempted to cure the Eleventh Amendment defects by adding new defendants, but that did not even attempt to cure the timeliness defects.  ECF No. 21.

After a hearing, the Court dismissed Plaintiffs' FAC with leave to amend. First, the Court held that both defendants—Cal/OSHA and Governor Newsom in his official capacity—were "immunized from Plaintiffs' suit" under the Eleventh Amendment.  Order at 9; *see id.* at 7-11.  In rejecting Plaintiffs' argument that they could pursue claims against Governor Newsom in his official capacity pursuant to the *Ex parte Young* exception to sovereign immunity, the Court explained that "even if the Court were to charitably construe" the FAC to demand prospective relief against Governor Newsom, "Plaintiffs ha[d] failed utterly to plead a plausible connection between Governor Newsom and the challenged citations of Basilico's." *Id.* at 10.  Second, the Court held that Plaintiffs' constitutional claims were time-barred because the two-year statute of limitations began "by November 2021"— when Plaintiffs "knew or reasonably should have known of the injury that underpins their federal civil rights claims"—and "lapsed no later than November 2023."  *Id.* at 18; *see id.* at 11-18.

3

## III. PLAINTIFFS REFILE THEIR SAME DEFICIENT CLAIMS

Plaintiffs have now filed their SAC, but they allege no new facts relevant to the sovereign immunity and timeliness defects described in the Court's order. The SAC simply asserts the same claims based on the same factual allegations[1] but against new Defendants (in their official and individual capacities): Governor Gavin Newsom, current Cal/OSHA Chief Debra Lee, former Cal/OSHA Chief Douglas Parker, and former Cal/OSHA Chief Jeffrey Killip:

- Counts I and II: that the citations and penalties violated Plaintiffs' free speech rights because they were imposed in retaliation for Plaintiffs' speech—when the "speech" in question constituted Plaintiffs' admissions that they were breaking the law, *see* SAC ¶¶ 40-44, 94-120;

- Count IV: that the citations and penalties violated Plaintiffs' due process rights on the theory that they were imposed "without legally required written notice, without hearing, and without any opportunity for opposition," *id.* ¶ 132; *see id.* ¶¶ 128-37—contrary to Plaintiffs' admissions in 2021 that they had, in fact, been given notice and an opportunity to be heard;

- Count V: that the penalties violated Plaintiffs' right to be free from excessive fines, including because Plaintiffs "had not acted unlawfully," *id.* ¶ 78—contrary to Plaintiffs' admissions that they had operated the restaurant "without any [COVID-19] restrictions" and "banned masks from the property," *id.* ¶ 41; *see id.* ¶¶ 138-46; and

- Count III: that DIR's collections and the ETS generally violate the federal constitution and state law, *id.* ¶¶ 121-27.

---

[1] The SAC adds more references to *National Federation of Independent Business v. Department of Labor, Occupational Safety and Health Administration*, 595 U.S. 109 (2022) (per curiam), but that case is inapposite. *E.g.*, SAC ¶¶ 12, 26, 140. It concerns a different government, a different body of law, and different COVID-19 restrictions—namely, *federal* OSHA's authority under *federal law* to mandate that employers generally require workers to obtain COVID-19 vaccinations (which "cannot be undone at the end of the workday," *id.* at 117 (citation omitted)), *not* the *California* Standard Board's authority under *California law* to mandate that employers require workers to wear masks and to practice social distancing in the workplace. The ETS were upheld in 2021 and have since expired. *See W. Growers Ass'n v. Occupational Safety and Health Standards Bd.*, 73 Cal. App. 5th 916 (2021); Cal. Code Regs. tit. 8, § 3205(a)(1).

4

**LEGAL STANDARDS**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).  The court need not accept as true allegations that are "merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *id.* (citation omitted), or that contradict matters subject to judicial notice or incorporated by reference into the complaint, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014).[2]

**ARGUMENT**

Plaintiffs' SAC should be dismissed without leave to amend because they have not and cannot cure the defects identified in the Court's order dismissing the FAC: they continue to assert claims barred by sovereign immunity (*infra* Part I) and by the statute of limitations (*infra* Part II).  And even if the Court were to look beyond these defects, Plaintiffs' claims fail for several additional reasons.  Plaintiffs have not plausibly alleged any violation of their constitutional rights (*infra* Part III), which is fatal to their claims against all Defendants—let alone any violation of clearly established rights (*infra* Part IV(A)), or that any of the Defendants personally violated their rights (*infra* Part IV(B)), both of which are fatal to their claims against the Defendants sued in their individual capacities.

---

[2] The Court previously granted Defendants' requests for judicial notice and to deem documents incorporated by reference.  Order at 18-21; *see* ECF No. 18 (MTD FAC) at 11 & n.6; RJN.  Defendants renew those requests here, and Plaintiffs have agreed that the Court may consider the materials previously judicially noticed and deemed incorporated by reference.  *See DCD Partners, LLC. v. Transamerica Life Ins. Co.*, No. CV15-3238-CAS(VBKx), 2015 WL 12697657, at *1 n.1 (C.D. Cal. Dec. 23, 2015) (taking judicial notice where "plaintiffs ha[d] agreed to stipulate that the Court may take judicial notice of [the] documents again in ruling on defendants' motion to dismiss the SAC").

5

## I.   PLAINTIFFS' CLAIMS AGAINST GOVERNOR NEWSOM AND THE FORMER CAL/OSHA CHIEFS IN THEIR OFFICIAL CAPACITIES ARE BARRED BY SOVEREIGN IMMUNITY

As a threshold matter, Plaintiffs' claims against Governor Newsom in his official capacity continue to be barred by sovereign immunity.

In its order dismissing the FAC, the Court explained that the Eleventh Amendment bars 42 U.S.C. § 1983 claims against California state officials in their official capacities, except for claims "to prospectively enjoin their official acts when those acts violate federal law."  Order at 8 (citing *Ex parte Young*, 209 U.S. 123, 155-56 (1908)).  Like the FAC, the SAC does not "seek an award of prospective relief to enjoin ongoing violations of federal law by Governor Newsom," and therefore "the *Ex parte Young* exception does not apply."  *Id.* at 9-10 (citation omitted); *see* SAC at 44-45.

Moreover, in order to "invoke" the *Ex parte Young* exception against Governor Newsom, Plaintiffs would have to allege that the Governor has a "'fairly direct'" connection "to the enforcement of the allegedly unconstitutional act"; the Governor's "general duty to enforce California law" is "too attenuated."  Order at 8 (quoting *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012)), 11 (citing *Coal. to Defend Affirmative Action*, 674 F.3d at 1134).  As with the FAC, "even if the Court were to charitably construe" the SAC to demand prospective relief against Governor Newsom—which it does not—Plaintiffs still "do not allege any facts that plausibly support the inference that Governor Newsom instructed Cal/OSHA to investigate Plaintiffs, directed Cal/OSHA to issue the citations and penalties to Basilico's, or participated in the state enforcement proceedings."  *Id.* at 10.  Indeed, the SAC does not allege any new facts relevant to Governor Newsom.

Additionally, Plaintiffs' claims against former Chief Parker and former Chief Killip in their "official capacities" fail because "suits against state officials are in essence suits against the State [office]," and Parker and Killip no longer hold state

6

office. *Rounds v. Or. State Bd. of Higher Educ.*, 166 F.3d 1032, 1036 n.2 (9th Cir. 1999) (citation omitted).

## II.   PLAINTIFFS' CLAIMS REMAIN BARRED BY THE STATUTE OF LIMITATIONS

Next, all of Plaintiffs' constitutional claims against all Defendants continue to be barred by the statute of limitations for the reasons given in the Court's order dismissing the FAC.

"[F]ederal law determines when a civil rights claim accrues," which is when the plaintiff "'knows or has reason to know of the injury which is the basis of the[ir] action,'" because at that point "they are on inquiry notice to determine the readily discoverable details and critical facts of their claims."  Order at 12 (quoting *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001), and then citing *Ciria v. Rubino*, No. C 07-4770 MMC (PR), 2008 WL 4287558, at *7 (N.D. Cal. Sept. 17, 2008), *aff'd*, 394 F. App'x 400 (9th Cir. 2010)).  Here, "the citations and penalties are the bases for Plaintiffs' claims," *id.* at 12, and Plaintiffs' July 8, 2021, YouTube video and November 27, 2021, webpage "decisively resolve" that Plaintiffs "were aware of the citations and penalties" by those dates, *id.* at 13 & n.5 (citations omitted).  Thus, the two-year statute of limitations began no later than November 2021 and expired no later than November 2023, long before Plaintiffs filed this action in September 2025.  *Id.* at 11-14; *see* Cal. Civ. Proc. Code § 335.1.

The SAC alleges no new facts relevant to timeliness.  Instead, it invokes the continuing violation doctrine, quoting *Thomas v. County of Humboldt*, 124 F.4th 1179, 1192 (9th Cir. 2024), *cert. denied*, 146 S. Ct. 27 (2025), for the proposition that "[w]hen the continued enforcement of a statute inflicts a continuing or repeated harm, a new claim arises (and a new limitation period commences) with each new injury," and, "[i]n the excessive fines context, each imposition of a challenged fine is a new, distinct injury."  SAC at 3, ¶ 74.  Plaintiffs then assert that because the last levy from Plaintiffs' bank account occurred on October 24, 2024, their claims "fall

7

within the applicable statute of limitations," "like [*Thomas* plaintiff Rhonda Olson's]" excessive fines claims. *Id.* at 4.

The Court has already thoroughly rejected Plaintiffs' continuing violations theory. In its order, the Court explained that "[a]lthough the continuing-violations doctrine applies to section 1983 actions and allows a plaintiff 'to seek relief for events outside of the limitations period,' the Ninth Circuit has 'repeatedly held that a mere "continuing *impact* from past violations is not actionable."'" Order at 16 (quoting *Knox*, 260 F.3d at 1013). Here, the claimed *constitutional violations* occurred when Cal/OSHA *imposed the citations and penalties* in June 2021. "DIR's later levies on Basilico's bank account do not change [the statute of limitations] analysis," because "[t]hose levies were *not* fresh constitutional injuries"; they were merely the continuing *impact* of the prior imposition of the citations and penalties—what "Plaintiffs themselves characterized as the 'original sin.'" *Id.* at 17 (emphasis added).

The SAC appears to seek the Court's reconsideration by referring to *Thomas* plaintiff Rhonda Olson, whose excessive fines claim could not be dismissed as untimely at the pleading stage because the defendant county had "*continued to impose*" *new penalties* against her "during the limitations period" and "each imposition" of new penalties "was a new unlawful act." 124 F.4th at 1192 (emphasis added). But Plaintiffs' alleged circumstances are on all fours with another *Thomas* plaintiff, Cyro Glad, whose excessive fines claim was properly dismissed because *no new* "*penalties were imposed*" against him "within the limitations period." *Id.* (emphasis added). As the Ninth Circuit held, even if "Glad may [have] *continue[d] to face the coercive effects* of the heavy penalties," that was "not enough" to make his lawsuit timely. *Id.* (emphasis added; citations omitted).

Like Glad and unlike Olson, Plaintiffs did not face the imposition of any new penalties in the two years prior to filing their suit. Instead, they merely faced the effects of the previously imposed citations and penalties in the form of levies—

8

"ministerial collection efforts carried out by the DIR to enforce a final state judgment for the original unpaid penalties." Order at 17. In short, the Court got it right the first time: "Plaintiffs' continuing-violations theory is simply foreclosed by . . . *Thomas*," as well as other binding precedent. *Id.*; *see Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 746 (9th Cir. 2019) (per curiam); *Knox*, 260 F.3d 1014-15.

**III.  PLAINTIFFS FAIL TO PLAUSIBLY ALLEGE ANY VIOLATION OF THEIR RIGHTS**

The sovereign immunity and timeliness defects described above are fatal to all claims. But even if the Court were to look beyond them, Plaintiffs' claims would fail on their merits.

**A.    Plaintiffs Fail to Plausibly Allege a Due Process Violation**

To state a due process claim, Plaintiffs must allege that Cal/OSHA failed to "provide 'notice reasonably calculated, under all the circumstances, to apprise [them] of the pendency of the action and afford them an opportunity to present their objections.'" *Jones v. Flowers*, 547 U.S. 220, 226 (2006) (citation omitted). Plaintiffs fail to do so for several reasons.

First, there can be no reasonable dispute that the notices—which were mailed to Basilico's, *see* RJN Ex. A at 24; SAC ¶ 9—were reasonably calculated to apprise Plaintiffs of the citations and penalties and to afford them an opportunity to be heard. *See Tulsa Pro. Collection Servs., Inc. v. Pope*, 485 U.S. 478, 490, (1988) ("We have repeatedly recognized that mail service is an inexpensive and efficient mechanism that is reasonably calculated to provide actual notice."). Although the SAC does allege that Plaintiffs "did not receive proper, formal notice," *e.g.*, SAC ¶ 132, that is insufficient to state a claim, because due process only requires that the government provide notice that is *reasonably calculated* to reach a party—not "actual notice." *United States v. Rivera-Valdes*, 157 F.4th 978, 985 (9th Cir. 2025) (en banc) (citation omitted); *see Poursina v. U.S.C.I.S.*, 936 F.3d 868, 876 (9th Cir. 2019) (plaintiff's allegation that he "never received a copy" of the relevant

9

document failed to state a due process claim because it was sent "by regular mail 'to the address given'" (citation omitted)).

Second, Plaintiffs' internet posts in 2021 "decisively resolve" that Plaintiffs had *actual notice* of the citations and penalties at that time.  Order at 13 n.5.  As the Ninth Circuit has held, "actual notice satisfies due process." *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1203 (9th Cir. 2008); *see id.* ("We find the argument that the Constitution requires something more than actual notice strained to the point of the bizarre.").  Because Plaintiffs "clearly . . . knew" of the citations and penalties and their right to challenge them, they cannot now state a due process claim on the theory that Cal/OSHA failed to provide "formal[]" notice.  *Lehner v. United States*, 685 F.2d 1187, 1190-91 (9th Cir. 1982) (rejecting due process claim where plaintiff "clearly . . . knew" about an impending foreclosure sale but merely claimed that the government had failed to "notify her *formally* of the foreclosure sale" insofar as it "had mailed the notice to the wrong address" (emphasis added)).

Finally, Plaintiffs indisputably had an opportunity to present any objections to the citations and penalties through the administrative appeal process.  *See* RJN, Ex. A at 5-9, 21-22; *see* MTD FAC at 3-4 (describing this process).  In fact, Plaintiffs publicly acknowledged that they had been given an "opportunity to defend ourselves in hearings" but had "ignored all correspondence."  RJN, Ex. C at 4.

Accordingly, Plaintiffs have not and cannot state a due process claim.

**B.     Plaintiffs Fail to Plausibly Allege a First Amendment Violation**

In order to state a First Amendment retaliation claim, Plaintiffs must allege that (1) they were "engaged in a constitutionally protected activity," (2) "the protected activity was a substantial or motivating factor in the [defendants'] conduct," and (3) defendants' "actions would chill a person of ordinary firmness from continuing to engage in the protected activity." *O'Brien v. Welty*, 818 F.3d 920, 932 (9th Cir. 2016) (citation omitted).  Even liberally construing all allegations in Plaintiffs' favor, their theory—that (1) their so-called "open defiance" of the

10

state's COVID-19 restrictions was protected speech, (2) their open defiance was a substantial motivating factor in Cal/OSHA's decision to cite and penalize Plaintiffs, and (3) Cal/OSHA's actions would chill a person of ordinary firmness from engaging in protected speech—fails at each step. *See* SAC ¶¶ 40-44 (alleging that, unlike other businesses that violated COVID-19 restrictions, Plaintiffs "st[ood] alone in open defiance").

First, Plaintiffs' "open defiance" of the law was not constitutionally protected. Breaking the law is illegal conduct, not protected speech. *Carrizales v. City of Vallejo*, No. 2:25-cv-1243 AC, 2025 WL 2581582, *5 n.2 (E.D. Cal. Sept. 25, 2025) (the First Amendment "does not confer a constitutional right to disobey the law"). And publicly admitting that one is breaking the law is evidence of illegal conduct that government officials may consider when making law enforcement decisions, not protected speech. *United States v. Rundo*, 108 F.4th 792, 804 (9th Cir. 2024) ("[T]he relevance of the 'bragging' evidence is not that it may be speech. Rather, the bragging evidence is relevant because it goes to the strength of the evidence."). Were it otherwise, a lawbreaker could effectively cloak himself in "immunity" simply by admitting his illegal conduct and then "claiming" that he broke the law "in order to 'protest' [it]." *Wayte v. United States*, 470 U.S. 598, 614 (1985).

Second, Plaintiffs fail to plausibly allege that any constitutionally protected activity was a substantial or motivating factor for the citations and penalties. Again, while Plaintiffs claim that Cal/OSHA "targeted" them because they openly defied the ETS, Plaintiffs' open defiance was not protected. *See Rundo*, 108 F.4th at 804. Indeed, the government has legitimate interests in enforcing the law against those who admit to breaking it: it is efficient, because the lawbreakers identify themselves, and their admissions provide the government with strong evidence to prove its case. *Wayte*, 470 U.S. at 612-12. In addition, it "promote[s] general deterrence," "especially since failing to proceed against publicly known offenders

11

would encourage others to violate the law." *Id.* at 613 (rejecting First Amendment challenge to government's policy of prosecuting only those who reported that they did not register for the draft or who were reported by others). Accordingly, the Ninth Circuit has flatly rejected the theory that when government officials enforce the law against those who have "publicly brag[ged]" about breaking it, that gives rise to an inference of viewpoint discrimination. *Rundo*, 108 F.4th at 804.

Also, even if Plaintiffs engaged in some protected criticism of COVID-19 restrictions that was distinct from their so-called "open defiance," they fail to plausibly allege that Cal/OSHA cited and penalized them because of such criticism rather than their blatant violations of the law. Indeed, Cal/OSHA only issued the citations and penalties *after* Plaintiffs refused to voluntarily comply with the ETS, which shows that Cal/OSHA cited and penalized Plaintiffs for breaking the law, not for criticizing it. *See* Inspection Video at 8:58-9:24, 12:22-40; RJN, Ex. C at 4 (acknowledging that Cal/OSHA "offered [Plaintiffs] an opportunity . . . to make changes to our operations, in order to come into compliance with lockdown related mandates").[3]

Third, Plaintiffs fail to plausibly allege that Cal/OSHA's citations and penalties would chill a person of ordinary firmness from engaging in protected activity. At most, they would deter third parties from violating the law or from publicly admitting that they are doing so—neither of which is protected.

For each of these reasons, Plaintiffs fail to state a First Amendment claim.

---

[3] Plaintiffs continue to claim that the Cal/OSHA inspector "admitted" that "Basilico's was targeted due to its outspoken defiance of the lockdown mandates." SAC ¶ 44. The video of the encounter instead shows that after Roman repeatedly tried to get the inspector to agree that Plaintiffs had been "targeted," the inspector responded that he was "not going to argue semantics" with Roman, but to the extent Plaintiffs could be said to have been "targeted," they were only "targeted" for publicly admitting that they were breaking the law. Inspection Video, at 3:07-36 ("If I was on Facebook and I said, 'Hey, by the way, I'm breaking this regulation, this regulation.' On Instagram: "#I'mbreakingthisregulation. You're probably going to be 'targeted.' That's common sense, right?").

12

**C.    Plaintiffs Fail to Plausibly Allege an Eighth Amendment Violation**

To prevail on their excessive fines claim, Plaintiffs must plead facts showing that the amount of the penalties "is grossly disproportional to the gravity of the [their] offense." *United States v. Bajakajian*, 524 U.S. 321, 337 (1998). They have not and cannot do so.

**1.    Cal/OSHA Followed the Governing Regulations**

Once Cal/OSHA determines that an employer has violated an occupational safety and health standard, it may issue a citation and a civil penalty. Cal. Lab. Code § 6317. As set forth in the governing regulations, the amount of a civil penalty varies based on multiple factors, such as:

- the classification of the violation, including whether the violation is:
  - "general" (*i.e.*, not serious), Cal. Code Regs. tit. 8, § 334(b), which carries a maximum penalty of $16,285, *id.* § 336(b);
  - "serious," meaning that there is a "realistic possibility" of "serious physical harm," *id.* § 334(c)(1), which carries a maximum penalty of $25,000, *id.* § 336(c); and/or
  - "willful," meaning "intentional and knowing," *id.* § 334(e), which carries a maximum penalty of $162,851, *id.* § 336(h); and
- whether the employer timely abates the violation (which reduces penalties for certain violations, *id.* § 336(e)).

Pursuant to these regulations, Cal/OSHA imposed penalties against Basilico's for six violations, finding that some of Plaintiffs' violations were serious and willful. *See* MTD at 7-8 (citing RJN, Ex. A at 5-22). Each of the penalties imposed has approximately half or less than half of the applicable regulatory maximum. *See* Cal. Code Regs. tit. 8, § 336(b), (c), (h).

**2.    The Penalties Were Not Constitutionally Excessive**

"To determine whether a fine is grossly disproportional to the underlying offense," courts within the Ninth Circuit consider: "(1) the nature and extent of the underlying offense; (2) whether the underlying offense related to other illegal activities; (3) whether other penalties may be imposed for the offense; and (4) the

13

extent of the harm caused by the offense." *Pimentel v. City of Los Angeles*, 974 F.3d 917, 921 (9th Cir. 2020). When performing this analysis, courts "must afford 'substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments.'" *Id.* at 924 (quoting *Bajakajian*, 524 U.S. at 336). In short, the question is whether there is an "articulable correlation" between the amount of a fine and "any injury suffered" by the government, or whether the fine is simply "arbitrary." *Pimentel v. City of Los Angeles* (*Pimentel II*), 115 F.4th 1062, 1069 (9th Cir. 2024) (citation omitted), *cert. denied*, 145 S. Ct. 2735 (2025). In this case, the first, third, and fourth factors conclusively establish that the penalties imposed against Basilico's were not grossly disproportionate to the gravity of Plaintiffs' offenses.[4]

*Plaintiffs' offenses were significant.* First, Plaintiffs' underlying offenses are "significant" both because their "culpability is high" *and* because their behavior was "reckless." *Pimentel*, 974 F.3d at 923. Plaintiffs are culpable, because "there is no factual dispute that they violated" the ETS, *id.*, and their behavior was reckless because it increased the risk that workers would contract COVID-19.

*Plaintiffs rejected opportunities to avoid or reduce their penalties.* Turning to the third factor, the Ninth Circuit has considered whether "lesser penalties could accomplish" the government's goals. *Thomas*, 124 F.4th at 1193. Here, they could not have. As noted above, Cal/OSHA expressly offered Plaintiffs the opportunity to come into compliance with the ETS to avoid or reduce the penalties, but Plaintiffs refused. *See* Inspection Video at 8:58-9:24, 12:22-40; RJN, Ex. C at 4; RJN, Ex. A at 7-8 (explaining abatement credits for certain violations under Cal. Code Regs. tit. 8, § 336(e)).

*Plaintiffs' offenses undermined the purposes of the ETS.* Finally, in assessing the fourth factor, courts consider "how the [legal] violation erodes the

---

[4] The second factor is less relevant in cases involving civil penalties, as opposed to criminal forfeitures. *See Pimentel*, 974 F.3d at 923.

14

government's purposes for proscribing the conduct." *Pimentel*, 974 F.3d at 923. The Standards Board promulgated the ETS in order to "reduce employee exposure to the virus that causes COVID-19 and therefore reduce COVID-19 illness and transmission." Standards Board, Finding of Emergency and Proposed Emergency Regulation, 1 (Nov. 19, 2020), https://www.dir.ca.gov/oshsb/documents/COVID-19-Prevention-Emergency-FOE.pdf. Here, Plaintiffs' violations directly undermined this purpose by placing workers and those who later came into contact with them at an increased risk of contracting COVID-19 at the height the pandemic.

Notably, the California Court of Appeal has upheld far greater penalties for similar offenses. *See People v. Calvary Chapel San Jose*, No. H051860, 2025 WL 1110779, at *18 (Cal. Ct. App. Apr. 15, 2025), *petition for cert. filed*, No. 25-703 (U.S. Dec. 12, 2025). In *Calvary Chapel*, a church intentionally violated the county's public health orders requiring face coverings between November 2020 and June 2021, *id.* at *18—just as Plaintiffs intentionally violated the ETS's face-covering and social-distancing requirements between December 2020 and June 2021, *see* RJN, Ex. A at 5-22. Notwithstanding the church's arguments that there was "no evidence" that any "COVID-19 cases were traced back to the church," the court held that the fines totaling $2,234,000 were not grossly disproportionate to the church's "high" "level of culpability," given the indisputable facts that "COVID-19 is a highly contagious disease that caused severe illness and death during a global pandemic." *Calvary Chapel*, 2025 WL 1110779, at *19. The same is true of the $152,060 in penalties imposed here, where Plaintiffs violated the COVID-19 protections that the Standards Board had promulgated to prevent the spread of COVID-19 in the workplace.

In sum, all the relevant factors show that the amount of penalties imposed by Cal/OSHA are not "grossly disproportional." *Bajakajian*, 524 U.S. at 337. Instead, as provided for by the regulatory scheme, the amount of penalties directly correlates

15

to the gravity of Plaintiffs' offenses.[5]  Therefore, Plaintiffs fail to state an excessive fines claim.

## IV. PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS FAIL FOR ADDITIONAL REASONS

Plaintiffs' claims against the individual Defendants also fail because the claims are barred by qualified immunity and because Plaintiffs do not plausibly allege that any of the Defendants personally violated their rights.

### A. Plaintiffs' Claims Are Barred by Qualified Immunity

The doctrine of qualified immunity "protects government officials from liability for civil damages 'unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct.'" *Wood v. Moss*, 572 U.S. 744, 757 (2014) (citation omitted).  The purpose of the doctrine is to give "government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011).

For the reasons explained in the previous section, Plaintiffs do not satisfy the first prong of the analysis.  As explained in this section, Plaintiffs also fail the

---

[5] The Ninth Circuit has "decline[d] to incorporate a means-testing requirement" that would "evaluat[e] a person's ability to pay." *Pimentel II*, 115 F.4th at 1072.  Thus, Plaintiffs' complaints that the penalties are too much for them to pay based on the size and strength of their business, *e.g.*, SAC ¶¶ 78, 89, are legally irrelevant (and also ignore all the opportunities Plaintiffs were given to avoid or reduce the penalties).
    Relatedly, while Plaintiffs assert that they were fined more than other restaurants, *e.g.*, SAC ¶¶ 63, 78, they do not even attempt to compare the gravity of their offenses to those of other unspecified restaurants.  And while Plaintiffs were fined more than Foster Farms and Human Bees, those employers only committed "serious" violations, *id.* ¶¶ 91, 141, which carry a maximum penalty of $25,000 per offense, Cal. Code Regs. tit. 8, § 336(c), whereas Plaintiffs committed multiple "willful" violations, which carry a maximum penalty of $162,851 per offense, *id.* § 336(h).
    If Plaintiffs believed that Cal/OSHA miscalculated the penalties under the governing regulatory scheme, then they could have filed an administrative appeal. *See* Cal. Lab. Code §§ 148, 6319, 6600-02; Cal. Code Regs. tit. 8, §§ 359-61.  But having failed to exhaust their administrative remedies, they cannot now challenge Cal/OSHA's calculation of the penalties under state law.  *See* Cal. Lab. Code § 6601; *Ventura29 LLC v. City of San Buenaventura*, 87 Cal. App. 5th 1028, 1037 (2023).

second prong, which requires Plaintiffs to allege that, "at the relevant time," the individual Defendants "should have known that their specific actions were unconstitutional given the specific facts under review.'" *Daniels Sharpsmart, Inc. v. Smith*, 889 F.3d 608, 617 (9th Cir. 2016) (citation omitted). In particular, Plaintiffs "bear[] the burden of pointing to prior case law that articulates a constitutional rule specific enough to alert [the individual defendants] that their particular conduct was unlawful." *Hughes v. Rodriguez*, 31 F.4th 1211, 1223 (9th Cir. 2022) (citation modified). While Plaintiffs need not cite "a case directly on point," they must show that the "existing precedent" at the time of the allegedly unlawful conduct "placed the statutory or constitutional question beyond debate." *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (per curiam) (citation omitted).

***Due process claim.*** To begin, Plaintiffs fail to allege that it was clearly established that mailing the notices to Basilico's address—when Plaintiffs also acknowledged the citations and penalties in internet posts—violated due process. Nor could Plaintiffs do so, given the authorities cited by Defendants above that notice by mail satisfies due process, *Poursina*, 936 F.3d at 876, and that actual notice satisfies due process, *Espinosa*, 553 F.3d at 1203; *Lehner*, 685 F.2d at 1190-91. *See supra* Part III(A).

***Free speech retaliation claim.*** Next, Plaintiffs fail to allege that it was clearly established that citing Plaintiffs for violating the ETS—when they repeatedly admitted that had not complied and would not comply with any COVID-19 restrictions—violated the First Amendment. Again, as explained above, breaking the law and admitting that one has done so is not protected speech—even if one makes the admission to "protest" the law. *Wayte*, 470 U.S. at 614; *see supra* Part III(B). Thus, Plaintiffs have not and cannot point to any precedent that decided this "constitutional question beyond debate" in their favor at the time Cal/OSHA issued the citations and penalties. *See Mullenix*, 577 U.S. at 12 (citation omitted).

17

***Excessive fines claim.***  Plaintiffs also fail to allege that it was clearly established that the penalties were constitutionally excessive.

On this claim, Cal/OSHA is owed strong deference because the penalties were calculated "in reliance on" established regulatory standards.  *Tschida v. Motl*, 924 F.3d 1297, 1305 (9th Cir. 2019) (citation omitted).  To state a claim for damages, Plaintiffs would have to plausibly allege either (a) that the individual Defendants applied the regulations "in a particularly egregious manner, or in a manner which a reasonable officer would recognize exceeds the bounds of the ordinance" or (b) that the regulations "authorize[] official conduct which is patently violative of fundamental constitutional principles."  *Id.* at 1305 (citation omitted).  Plaintiffs have done neither.

First, Plaintiffs have not and cannot plausibly allege that the governing regulations were applied in a "particularly egregious manner."  *Tschida*, 924 F.3d at 1305 (citation omitted).  Cal/OSHA reasonably determined that Basilico's failures to establish COVID-19 workplace protections were "serious" insofar as they presented "realistic possibilit[ies]" of "serious physical harm," Cal. Code Regs. tit. 8, § 334(c)(1), because "it cannot be disputed that COVID-19 is a highly contagious disease that caused severe illness and death during a global pandemic," *Calvary Chapel*, 2025 WL 1110779, at *19.  Additionally, Cal/OSHA reasonably determined that Basilico's failures to ensure that its workers wore masks and practiced social distancing were "willful," meaning "intentional and knowing," Cal. Code Regs. tit. 8, § 334(e), given Plaintiffs' refusal "to come into compliance" with the ETS, RJN, Ex. C at 4, even after being given the opportunity to do so.  Moreover, as noted above, the penalties imposed were approximately half or less than half of the maximums under the governing regulations.  *See supra* Part III(C)(1).

Second, Plaintiffs have not and cannot plausibly allege that the governing regulations "patently" violate "fundamental constitutional principles."  *Tschida*,

18

924 F.3d at 1305 (citation omitted).  Instead, the regulatory scheme is *consistent with* the Eighth Amendment's "principle of proportionality," because it provides for penalties that increase with "the gravity of the offense," *Bajakajian*, 524 U.S. at 334, as explained above, *see supra* Part III(C).

Thus, Plaintiffs' claims for damages against the individual Defendants are barred by qualified immunity.[6]

### B.    Plaintiffs Fail to Plausibly Allege that the Individual Defendants Personally Violated Their Rights

"Vicarious liability is inapplicable to" 42 U.S.C. § 1983 claims.  *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Accordingly, in order to sue each Defendant in his or her individual capacity, Plaintiffs "must plead that each" Defendant, "*through [his or her] own individual actions*, has violated the Constitution."  *Id.* (emphasis added).  A "supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is 'a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'"  *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation omitted).

In the SAC, Plaintiffs have added claims for damages against the following officials in their individual capacities:

- Governor Newsom, the Governor since January 2019;
- Douglas Parker, the Chief of Cal/OSHA from September 2019 until October 2021;
- Jeffrey Killip, the Chief of Cal/OSHA from March 2022 until January 2024; and
- Debra Lee, the Chief of Cal/OSHA since January 2024.

But Plaintiffs do not actually allege that any of these Defendants' actions violated their rights.

---

[6] Additionally, to the extent Plaintiffs assert claims for damages against the Defendants in their *official* capacities, those claims are barred by sovereign immunity.  *Papasan v. Allain*, 478 U.S. 265, 278 (1986).

19

***Governor Newsom.*** The claims against Governor Newsom in his individual capacity fail because Plaintiffs still offer no factual allegations to support their conclusory assertions (*see* SAC ¶¶ 11-12, 19, 92-93, 102, 119, 124, 127, 137, 142) that Governor Newsom had any connection to the enforcement of the ETS against Basilico's. Order at 10-11; *Lacambra v. City of Orange*, No. 8:18-cv-00960-RGK-KES, 2019 WL 2344139, *5 (C.D. Cal. May 8, 2019) (dismissing claims against the governor in his individual capacity where the plaintiff failed to allege that he "personally caused any of the alleged constitutional violations by performing an affirmative act or omitting to perform a legally-required act"), *adopted*, 2019 WL 2341651 (C.D. Cal. May 31, 2019).

***Former Chief Killip and Chief Lee.*** Additionally, the claims against former Chief Killip and Chief Lee fail because Plaintiffs' SAC *does not even articulate a theory* of how Cal/OSHA engaged in any purportedly unconstitutional conduct during their tenures. In particular, although Plaintiffs allege that DIR made one collection from Plaintiffs' bank account during Killip's term in August 2023 and another collection during Lee's term in October 2024, those collections were indisputably authorized by the state court judgment, *see* RJN, Ex. A. Accordingly, *even if* those collections were attributable to former Chief Killip and to Chief Lee, Plaintiffs still fail to plausibly allege that such actions "violate[] the Constitution." *Ashcroft*, 556 U.S. at 676. (And, if Plaintiffs' theory is that the state court judgment is erroneous, then their claims are barred by the *Rooker-Feldman* doctrine. *See Miroth v. County of Trinity*, 136 F.4th 1141, 1151 (9th Cir. 2025) (*Rooker-Feldman* applies "when the federal plaintiff both asserts as her injury legal error or errors by the state court and seeks as her remedy relief from the state court judgment.").

***Former Chiefs Parker and Killip and Current Chief Lee.*** Finally, Plaintiffs' claims against all the Cal/OSHA chiefs fail because, as with Governor Newsom, Plaintiffs fail to plausibly allege that any of the chiefs personally violated Plaintiffs' constitutional rights. To the extent Plaintiffs claim that former Chief Parker

20

directed the enforcement of the ETS against Plaintiffs or that former Chief Killip or Chief Lee directed the collections from Plaintiffs' bank account, those allegations are entirely conclusory. *E.g.*, SAC ¶¶ 13 (conclusory allegation that former Chief Parker's "directives" were unconstitutional), 14 (conclusory allegation that former Chief Killip "attempt[ed] . . . to enforce unconstitutional requirements"), 15 (same conclusory allegation for Chief Parker), 39 (conclusory allegation that the Cal/OSHA chiefs retaliated against Basilico's). Similarly, Plaintiffs' allegations that Cal/OSHA took unconstitutional actions under the chiefs' "leadership," *id.* ¶ 50, or "direction," *id.* ¶ 58, are insufficient to state a claim, because an official's "mere position as head of the State agency does not support liability under section 1983," *Mata v. Or. Health Auth.*, No. 6:13-cv-485-TC, 2014 WL 3871199, *5 (D. Or. Aug. 6, 2014) (dismissing claims against the head of a state agency where the plaintiff's complaint "provide[d] virtually no allegations, beyond legal conclusions, of [his] involvement in the alleged retaliation against plaintiff for speaking out"); *accord Garaux v. Cate*, No. 1:10-cv-00146-SMS PC, 2010 WL 3397388, *2 (E.D. Cal. Aug. 27, 2010) (dismissing claims against high-ranking CDCR official and prison warden where plaintiff's complaint was "devoid of any allegations that [they] were personally involved in any retaliatory conduct against him").

## V.    PLAINTIFFS' SAC SHOULD BE DISMISSED WITHOUT LEAVE TO AMEND

Plaintiffs have already twice amended their complaint and failed to add any factual allegations that could cure the defects in their claims—not only the sovereign immunity and timeliness defects detailed in the Court's order dismissing the FAC, but also the merits defects detailed in Defendants' Opposition to Plaintiffs' Motion for Leave to Amend (ECF No. 27). At this point, it is clear that further amendment would be futile. The Court should deny leave to amend and end this case. *See Loos v. Immersion Corp.*, 762 F.3d 880, 890-91 (9th Cir. 2014) (dismissal without leave to amend was proper where "[t]he district court gave

21

Plaintiff a detailed explanation of why his [complaint] was deficient" and "Plaintiff 'essentially re-pled the same facts and legal theories' in his amended complaint").

**CONCLUSION**

The Court should dismiss the SAC without leave to amend.


Dated:  April 24, 2026                          Respectfully submitted,

                                                ROB BONTA
                                                Attorney General of California
                                                ANNA FERRARI
                                                Supervising Deputy Attorney General


                                                 /s/ *Liam E. O'Connor*
                                                LIAM E. O'CONNOR
                                                Deputy Attorney General
                                                *Attorneys for Defendants*

22

**LOCAL RULE 11-6 CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 6,965 words, which complies with the word limit of L.R. 11-6.1.

Dated:  April 24, 2026                    Respectfully submitted,

ROB BONTA
Attorney General of California
ANNA FERRARI
Supervising Deputy Attorney General


/s/ *Liam E. O'Connor*
LIAM E. O'CONNOR
Deputy Attorney General
*Attorneys for Defendants*

23